Margaret Rose MAY, Martha May Martin and Thomas Leslie May, Appellants,

v.

APPRAISAL REVIEW BOARD OF TARRANT APPRAISAL DISTRICT and Tarrant Appraisal District, Appellees.

Elwood R. RHINEHART, Appellant,

v.

APPRAISAL REVIEW BOARD OF TARRANT APPRAISAL DISTRICT and Tarrant Appraisal District, Appellees.

Nos. 2–89–262–CV, 2–89–263–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 8, 1990.

Rehearing Denied Sept. 19, 1990.

Ross, Arnn, Hartley & Irion, P.C., and Albert C. Ross, Deborah K. Hartley, Brian K. Davis, Arlington, for appellants.

Cantey & Hanger, and Robert E. Aldrich, Jr. and J.K. Leonard, Fort Worth, for appellees.

Before FARRIS, DAY and ASHWORTH (Retired), Sitting by Assignment, JJ.

## OPINION

DAY, Justice.

In each of these appeals, taxpayers complain of the trial court's refusal to award them attorney's fees upon their successful appeal of the taxing authorities' denial of Open–Space Land Valuation of their real property.

We reverse and remand to the trial court for the assessment of attorney's fees.

Taxpayers' applications to the taxing authorities for valuation of their property as "Qualified Open–Space Land" under TEX.TAX CODE ANN. sec. 23.51, *et seq.*, (Vernon 1982) and (Vernon Supp.1990) ("the Tax Code") were denied. Taxpayers filed the present suits appealing the denials and seeking attorney's fees.

Agreed judgments reversing the actions of the taxing authorities were entered in the trial court. The taxpayers' entitlement to their attorney's fees was the sole issue submitted to the trial court. Taxpayers appeal from the trial court's denial of their attorney's fees.

■ Attorney's fees may not be recovered unless provided for by statute or by contract between the parties. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967). In addition, statutory provisions allowing the recovery of attorney's fees must be subjected to strict construction. *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893 (Tex.1962).

■ The only statutory authority permitting the recovery of attorney's fees by taxpayers is set forth in section 42.29 of the Tax Code:

A taxpayer who prevails in an appeal to the court under Section 42.25 or Section 42.26 of this code may be awarded reasonable attorney's fees not to exceed the greater of $5,000 or 20 percent of the total amount of taxes in dispute.

TEX.TAX CODE ANN. sec. 42.29 (Vernon Supp.1990).

Section 42.25 provides:

If the court determines that the appraised value of property according to the appraisal roll *exceeds the appraised value required by law,* the property owner is entitled to a reduction of the

appraised value on the appraisal roll to the appraised value determined by the court.

*Id.* sec. 42.25 (Vernon 1982) (emphasis added).

In their pleadings in the trial court, taxpayers base their claim that they were entitled to have their land appraised at the lower per acre open-space land value as opposed to the higher market value, unadjusted, to take into consideration the open-space use of the property. Taxpayers alleged in their pleadings that the amounts in controversy were the difference between the market values and the open-space values of the properties. It is apparent to us that the sole reason for the institution of suits challenging the taxing authorities' appraisal was to seek a reduction in the appraisal values to those "required by law," as provided in section 42.25.

The taxing authorities argue that a valuation of open-space land is actually a partial exemption from taxation and is thus distinguishable from appeals that deal with value placed on real property. We rejected this argument in *Tarrant Appraisal District v. Colonial Country Club,* 767 S.W.2d 230 (Tex.App.—Fort Worth 1989, writ denied), where we wrote:

> Tax exemptions are limited to those specifically enumerated in article VIII of the constitution. TEX. CONST. art. VIII, secs. 1, 2; *State v. Am. Legion Post No. 58,* 611 S.W.2d 720, 723 (Tex.Civ.App.— El Paso 1981, no writ). The District and Review Board argue that the special appraisal amounts to a partial exemption which does not fall into a constitutionally permitted or required exception.
>
> We disagree. First, appraisal under the terms of the Act provides only a method of assessing value; it does not result in exemption from taxation. Second, the method of appraisal employed by the Act is based upon market value. The fact that the valuation reflects the restricted use to which the land can be put does not render it unconstitutional.

*Id.* at 233.

It is clear from our holding in *Colonial* that special valuations under chapter 23 of

the Tax Code (including the subchapter D open-space land valuation) are methods of appraisal that take into consideration the use of the subject property and therefore do not constitute partial exemptions from taxation.

The taxing authorities further argue that the award of attorney's fees under section 42.29 of the Tax Code should be limited to those cases specifically covered by sections 42.25 and 42.26, i.e., to those cases that challenge the dollar amounts of appraised values as being excessive or unequal. While this argument may not be totally lacking in merit, it fails to comport with common sense. A common-sense interpretation of the facts of these cases show that taxpayers' appeals were brought to challenge the placing of an appraisal value on their property that was excessive under section 42.25 because the appraisals did not take into consideration the open-space use of the properties. When a taxpayer protests the refusal of a taxing authority to take into consideration the open-space use of his property, he is protesting the inaccurate determination of the appraisal or market value of his property under section 41.41(1) and the resulting appraisal is by definition an excessive appraisal which entitles the taxpayers to a reduction under section 42.25 of the Code.

It would be illogical to classify a protest of the denial of the open-space land valuation as not being a protest of the wrongful determination of appraisal or market value under section 41.41(1) and not the protest of an excessive appraisal. It is clear to us that the taxpayers in the present actions were complaining of the excessive appraisal value placed upon their properties as referred to in section 42.25 of the Code. Therefore, their successful protest entitles them to the award of attorney's fees under section 42.29.

The taxing authorities finally argue that the holding of our sister court in *Kerr Central Appraisal Dist. v. Stacy,* 775 S.W.2d 739 (Tex.App.—San Antonio 1989, writ denied) is dispositive of the issue in

the instant case. In *Kerr*, the court held that:

> Clearly, an action for unequal appraisal or excessive appraisal under section 41.41(1) or section 41.41(2) is separate and distinct from an action for qualification of appraisal, as provided by section 41.41(5). Because the provisions must be strictly complied with, we find no authority in the statute for the granting of attorney fees in the type of action brought by appellee.

*Id.* at 743.

The *Kerr* court's decision on the issue of attorney's fees came from their reading of section 42.25 in conjunction with section 41.41(1) and (2) of the Tax Code. The *Kerr* court made no attempt to harmonize its decision with our decision in the *Colonial* case which found special appraisals under chapter 23 were in fact methods of determining the market value of property.

Section 41.41(1) clearly affords the taxpayer the right to protest "in the case of land appraised as provided by Subchapter C, D, or E, Chapter 23 of this code, determination of its *appraised or market value*." The language of section 42.25 states "[i]f the court determines that the appraised value of property according to the appraisal roll *exceeds the appraised value required by law*, the property owner is entitled to a reduction...."

In the present case, the trial court determined that the appraisal value of the taxpayers' properties exceeded the proper values required by law because taxpayers were entitled to open-space valuation and therefore were entitled to have their property listed at the reduced open-space value. Before the *Kerr* decision, and since, we have found no precedent for the premise that section 42.25 classifies excessive appraisals as only those dealing with the dollar amounts stated on the appraisals and not whether the whole appraisal is excessive because an appraisal district wrongfully denied special appraisal under a subchapter of Chapter 23, thereby using the wrong criteria for appraising the land.

The cases where the courts have ruled against the award of attorney's fees, pre *Kerr*, have a common theme. In each of the cases the taxpayer's challenge was to the denial of a total exemption from taxation or, in other words, to the taxable nature of the property, not the value listed on the appraisal roll. The courts, in very common-sense decisions, determined that in challenges to the taxable nature (whether taxable or not) of property, there are no questions of appraised value. In *Coastal States Crude Gathering v. State Property Tax Board*, 747 S.W.2d 61 (Tex.App.—Austin 1988, no writ), the court stated:

> But here, the parties stipulated that those assigned values were accurate; this lawsuit dealt with the *question of whether the property should be appraised and taxed at all, not the value of the appraisal.*

*Id.* at 63 n. 1 (emphasis added).

In each of the remaining cases cited in appellees' trial brief, the common issue was whether to tax at all, "not the *value* of the appraisal." *Id.* at 63, n. 1. The cases of *Board of Appraisal Review v. Protestant Episcopal Church Council*, 676 S.W.2d 616 (Tex.App.—Austin 1984, writ dism'd) and *Willacy County Appraisal Dist. v. North Alamo Water Supply Corp.*, 676 S.W.2d 632 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.), were cases dealing with exemptions from taxation listed in the TEX. CONST. art. VIII, sec. 2. No case, previous to the *Kerr* case, denied the taxpayer recovery of attorney's fees when the challenge was based on an issue of value, as opposed to denial of an exemption from taxation. It is clear that taxpayers' appeals to the district court were challenges to the appraisal value listed on the appraisal roll for their property and not a challenge of the denial of an exemption from taxation.

In holding that chapter 42 of the Tax Code clearly entitles taxpayers to recover attorney's fees under section 42.29, we note that chapter 42 groups the appeals listed in chapter 41 into two categories,

excessive or unequal appraisal. We find that such distinction was made for the purpose of clarifying the issues and not to limit the type of appeals that can be effectively brought by the taxpayer.

Section 42.01 of the Texas Property Tax Code states in relevant part:

A property owner is entitled to appeal:

(1) An order of the appraisal review board determining a protest by the property owner as provided by Subchapter C of Chapter 41 of this code.

The unlimited right to appeal orders of the Board from the protests listed in section 41.41 would be an empty entitlement if the courts interpreted it to mean that taxpayers can appeal, but cannot, even if they prevail, recover attorney's fees incurred in their appeal. For taxpayers, such a restriction would economically preclude an action to protect their rights to a fair and equitable appraisal of their property.

Section 42.24 of the Texas Property Tax Code describes the types of actions the court may take in determining an appeal:

In determining an appeal, the district court may:

(1) fix the appraised value of property in accordance with the requirements of law if the appraised value is at issue;

(2) enter the orders necessary to ensure equal treatment under the law for the appealing property owner if inequality in the appraisal of his property is at issue; or

(3) enter other orders necessary to preserve rights protected by and impose duties required by law.

TEX.TAX.CODE ANN. sec. 42.24 (Vernon 1982).

It is clear from the language of section 42.24 that the legislature classified protests under section 41.41 into two basic categories for the purposes of appeal to the district court, i.e., those dealing with appraisal value and those dealing with inequality in appraisal.

Section 42.25 of the Texas Property Tax Code builds on the categories stated in section 42.24 and further explains what courts may do if they find that an appraisal "exceeds the appraised value required by law." Nowhere in the statute is there any limitation on the type of protests that can be addressed under section 42.25. The statute clearly leaves open to the court the decision to "fix" the appraised value of the property by determining that it was improper to apply a higher market value appraisal to a property that was eligible for open-space land valuation. To interpose limitations that are not in the statute would do violence to a taxpayer's right to protest the improper appraisal of his property. To interpret the provisions of sections 42.24 and 42.25 not to include appeals of denial of open-space land valuation would leave the court without statutory instructions of what to do with this type of appeal. Such a result would undermine the system of judicial review of appraisal review board orders and appeals of appraisal district decisions.

With deference to the *Kerr* court, we are persuaded that their decision is a strained and unnatural construction of the relevant statutory provisions which, if followed, would inequitably penalize taxpayers who successfully challenge excessive appraisals.

We reverse the trial court's denials of attorney's fees and remand these cases for new trial on the sole issues of the reasonable amounts of attorney's fees to be awarded taxpayers.