**DALLAS CENTRAL APPRAISAL DISTRICT, et al., Appellants,**

v.

**LAS COLINAS CORPORATION, et al., Appellees.**

No. 05–90–01090–CV.

Court of Appeals of Texas, Dallas.

July 29, 1991.

Rehearing Overruled Sept. 9, 1991.

Mike M. Tabor, Tab H. Keener, David A. Scott, Dallas, for appellants.

Alan S. Notinger, Forrest Smith, Dallas, for appellees.

Before BAKER, LAGARDE and MALONEY, JJ.

## OPINION

BAKER, Justice.

There are two issues in this controversy. The District contends section 42.29 of the Texas Tax Code [1] does not entitle Las Colinas to legal fees. Alternately, the District contends that if the Code permits Las Coli-

---

[1] All statutory references are to the Texas Tax Code. Tex.Tax Code Ann. §§ 1.07(c), 41.07(b), 42.21(a), and 42.29 (Vernon 1984 and Supp. 1991) (the Code).

nas to recover its legal fees, there is no evidence permitting the application of section 42.29. Las Colinas, in three crosspoints, contends the trial court erred by dismissing part of its claim for lack of jurisdiction. We conclude section 42.29 entitles Las Colinas to legal fees. However, there is no evidence in the record to support the amount the trial court awarded. We modify the award of legal fees. We also conclude the trial court did not err in dismissing part of Las Colinas's claim for lack of jurisdiction.

## THE DISPUTE

Las Colinas owns four tracts of land in Dallas County. Las Colinas sought to have the District appraise these tracts as open-space land for tax years 1988 and 1989. The District denied open-space land classification to all four tracts for both tax years.

However, when the District issued its order, the order denied open-space classification only on tracts one, three, and four. The appraisal rolls classified tract two as open-space land. The District later corrected the error by issuing and serving on Las Colinas a new order on tract two.

## PROCEDURAL HISTORY

Las Colinas filed two separate suits for the District's refusal to grant open-space classification—one for tax year 1988 and one for tax year 1989. The parties combined the two suits. The District signed a corrected order on December 16, 1988, after it discovered the tract two mistake. The District sent a copy of the corrected order to Las Colinas by certified letter. Fifty-two days after the District signed the corrected order, Las Colinas amended its suit to include tract two.

The jury found Las Colinas proved its entitlement to open-space classification on all tracts for both tax years. The jury also awarded Las Colinas legal fees for both trial and appeal.

The trial court ruled Las Colinas untimely appealed the District's classification of tract two for tax year 1988. It granted the District's motion for judgment notwithstanding the verdict on tract two. The trial court entered judgment ordering open-space land classification on all tracts for both years except tract two for tax year 1988. It awarded Las Colinas $235,000 in legal fees.

## THE LEGAL FEES CONTROVERSY

### 1. Application of Section 42.29 Attorney's Fees to Open–Space Land Classification

■ Two Texas courts of appeals have considered the first issue raised by the District. One court held taxpayers may not recover legal fees under section 42.29 in suits determining open-space land classification. *Kerr Cent. Appraisal Dist. v. Stacy*, 775 S.W.2d 739, 743 (Tex.App.—San Antonio 1989, writ denied). The second court expressly disagreed. It held taxpayers may recover legal fees under section 42.29 in suits determining open-space land classification. *May v. Appraisal Review Bd. of Tarrant Appraisal Dist.*, 794 S.W.2d 906, 908–910 (Tex.App.—Fort Worth 1990, writ denied).

The disposition of this case depends on whether this Court follows *Kerr* or *May*. This Court recently followed *May*. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 813 S.W.2d 197, 204–05 (Tex.App.—Dallas, 1991). We hold section 42.29 entitles Las Colinas to recover its legal fees.

### 2. No Evidence to Support Section 42.29 Attorney's Fees Award

■ The District alternately asserts the evidence in this case does not permit application of section 42.29. Section 42.29 states:

A taxpayer who prevails in an appeal to the court under section 42.25 or section 42.26 of this Code may be awarded reasonable attorney's fees not to exceed the greater of $5,000 or 20 percent of the total amount of taxes in dispute.

To recover legal fees greater than $5,000, a taxpayer must show the award does not exceed twenty percent of the total amount of taxes in dispute. Las Colinas had to produce evidence to show the fees awarded

by the jury did not exceed twenty percent of the total amount of taxes in dispute. We have searched the record. We find no evidence of the total amount of taxes in dispute. We conclude Las Colinas did not carry its burden to produce evidence which would enable the trial court to determine if the amount the jury awarded exceeded twenty percent of the total amount of taxes in dispute. We hold the only legal fees the court could award in this case is $5,000. We modify the judgment and reduce the total amount of legal fees from $235,000 to $5,000.

## THE TRACT TWO CONTROVERSY

Section 42.21(a) of the Code provides:

A party who appeals as provided by this chapter must file a petition for review with the district court within 45 days after the party receives notice that a final order has been entered from which an appeal may be had. Failure to timely file a petition bars any appeal under this chapter.

Las Colinas advances three theories supporting its contention the trial court erred in not rendering judgment in its favor on tract two. Las Colinas contends section 42.21(a) does not apply because the corrected order merely rectified a clerical error. Las Colinas also argues that if the corrected order determined a protest, it is void because the District did not hold a hearing before issuing the order. Finally, Las Colinas argues that if the corrected order determined a protest, then the District did not meet its burden of showing Las Colinas did not meet the forty-five-day time requirement. We disagree.

■ We hold the corrected order was a final appealable order. Las Colinas had forty-five days after its receipt of notice of the corrected order to file its appeal. The requirements of section 42.21 are jurisdictional. A district court does not acquire jurisdiction of a petition for review unless the appealing party timely files its petition. *See Poly–America, Inc. v. Dallas County Appraisal Dist.*, 704 S.W.2d 936, 937 (Tex. App.—Waco 1986, no writ).

■ Section 41.07(b) of the Code requires the District to deliver notices to taxpayers by certified mail. Section 1.07(c) of the Code provides a presumption of delivery when the District deposits the notice in the mail. A taxpayer may rebut the presumption with evidence of its failure to receive the notice.

■ The District mailed the corrected order by certified letter to Las Colinas on December 16, 1988. Under section 1.07(c), the presumed delivery date of the corrected order is December 16. Las Colinas did not dispute its receipt of the notice and corrected order. Las Colinas did not file its amended petition until after the jurisdictional forty-five days. We overrule the cross-points.

We modify the judgment to reduce the legal fees from $235,000 to $5,000. As modified, we affirm.