**DALLAS CENTRAL APPRAISAL DISTRICT and Dallas County Appraisal Review Board, Petitioners and Cross-Respondents,**

v.

**SEVEN INVESTMENT COMPANY and the Callejo–Botello Foundation, Respondents and Cross-Petitioners.**

**DALLAS CENTRAL APPRAISAL DISTRICT and Dallas County Appraisal Review Board, Petitioners and Cross-Respondents,**

v.

**LAS COLINAS CORPORATION and Las Colinas Land Limited Partnership, Respondents and Cross-Petitioners.**

Nos. D–1594, D–1737.

Supreme Court of Texas.

June 10, 1992.

Rehearing Overruled Sept. 9, 1992.

Mike M. Tabor, Tab H. Keener, David A. Scott, Dallas, for petitioner in No. D–1737.

Forrest Smith, Alan S. Notinger, Dallas, for respondent in No. D–1737.

Peter G. Smith, Dallas, for petitioner in No. D–1594.

Alan S. Notinger, Forrest Smith, Richard A. Dean, for respondent in No. D–1594.

## OPINION

HIGHTOWER, Justice.

In these consolidated ad valorem tax cases, we consider whether a taxpayer who successfully challenges the denial of an open-space land designation is entitled to attorney's fees. In each case, the taxpayer was denied an open-space land designation and appealed the denial to the district court. The district court granted the open-space land designation and awarded attorney's fees to the taxpayers. The court of appeals affirmed the trial courts' judgment in both cases.[1] 814 S.W.2d 816; 813 S.W.2d 197. We hold that a taxpayer is not entitled to attorney's fees in an action protesting the denial of an open-space land designation, and reverse and render judgment in favor of the Dallas Central Appraisal District and the Dallas Central Appraisal Review Board[2] concerning the award of attorney's fees.

### The Las Colinas Case

Las Colinas Corporation and Las Colinas Land Limited Partnership ("Las Colinas") sought an open-space land designation on four tracts of land for the 1988 and 1989 tax years. Dallas Central Appraisal District ("DCAD") denied Las Colinas' application for open-space land designation with respect to all four tracts for both tax years. However, the order issued by DCAD only expressly denied the open-space land designation on tracts one, three, and four, and the appraisal rolls subsequently listed tract two as open-space land. After exhausting its administrative remedies, Las Colinas filed suit against the taxing authorities challenging the denial of open-space land designations on tracts one, three and four. DCAD later issued an order correcting the error on tract two and sent Las Colinas a copy of the corrected order. Fifty-two days after the order was corrected, Las Colinas amended its complaint to include tract two.

After trial, the jury found that all four tracts qualified for open-space land designations for both tax years, and that Las Colinas was entitled to attorney's fees. However, the trial court ruled that Las Colinas' appeal of the corrected designation on tract two was untimely and granted the taxing authorities' motion for judgment notwithstanding the verdict concerning tract two. Thus, the trial court entered judgment ordering the open-space land designation on all tracts for both years except tract two, which was denied the designation for the 1988 tax year. The trial court also awarded Las Colinas $235,000 in attorney's fees pursuant to section 42.29 of the Tax Code. The court of appeals affirmed but modified the judgment by reducing the award of attorney's fees to $5,000. 814 S.W.2d at 818.

### The Seven Investment Company Case

Seven Investment Company ("Seven Investment") owned real property which DCAD designated as open-space land for the 1982–1984 tax years. In 1985 and 1986, DCAD denied Seven Investment's application for an open-space land designation. Following each denial, Seven Investment unsuccessfully protested the denial, exhausted its administrative remedies, and filed suit against the taxing authorities. In August 1986, DCAD sent Seven Investment a written notice of its intent to revoke the 1983 and 1984 open-space land designations on the property.

In 1987, the Callejo–Botello Foundation ("the Foundation") became a part owner of the property. In the same year, Seven Investment and the Foundation filed a joint application for open-space land designation which was denied by DCAD. Seven Investment and the Foundation again filed a protest with DCAD and exhausted all administrative remedies before filing suit. In 1988, DCAD again refused to qualify the

---

1. In *Dallas Central Appraisal Dist. v. Las Colinas Corp.,* 814 S.W.2d 816 (Tex.App.—Dallas 1991), the court of appeals affirmed the judgment of the trial court but modified the judgment by reducing the total amount of attorney's fees awarded from $235,000 to $5,000.

2. The Dallas Central Appraisal District and the Dallas Central Appraisal Review Board will hereinafter be referred to collectively as the "taxing authorities."

property as open-space land and Seven Investment and the Foundation filed suit. Claims for tax years 1983 through 1988 were consolidated into one cause for trial. The trial court granted partial summary judgment for the taxing authorities on the claims for the 1983 and 1984 tax years.[3] Concerning the remaining claims for tax years 1985 through 1988, the trial court held that the property qualified for the open-space land designation. The trial court also found that Seven Investment and the Foundation were entitled to attorney's fees under section 42.29 of the Tax Code, and awarded $23,000 as reasonable attorney's fees for litigating the 1985 through 1988 tax year claims. The court of appeals affirmed. 813 S.W.2d at 205.

## I.

The issue before this Court is whether a taxpayer who successfully challenges the denial of an open-space land designation is entitled to attorney's fees under section 42.29 of the Tax Code.

■ Attorney's fees may not be recovered unless provided for by statute or by contract between the parties. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967). The only provision in the Tax Code authorizing the recovery of attorney's fees is section 42.29, which stated at the time pertinent to these consolidated cases:

3. The trial court concluded that it did not have jurisdiction to consider the claims for 1983 and 1984 because Seven Investment failed to file a timely written protest to the revocation of the open-space land designations for those tax years.

4. Section 42.29 was amended in 1991 and became effective on September 1, 1991. Section 42.29, as amended, provides:

A property owner who prevails in an appeal to the court under Section 42.25 or Section 42.26 of this code may be awarded reasonable attorney's fees not to exceed the greater of $15,000 or 20 percent of the total amount by which the property owner's tax liability is reduced as a result of the appeal. The award of attorney's fees, however, may not exceed the total amount by which the property owner's tax liability is reduced as a result of the appeal.

A taxpayer who prevails in an appeal to the court under Section 42.25 or Section 42.26 of this code may be awarded reasonable attorney's fees not to exceed the greater of $5,000 or 20 percent of the total amount of taxes in dispute. Tex. Tax Code Ann. § 42.29.[4]

Therefore, the taxpayers in these cases may recover their attorney's fees only if they "prevailed" in an appeal under section 42.25 or section 42.26[5] of the Tax Code. Section 42.25 provides:

If the court determines that the appraised value of property according to the appraisal roll exceeds the appraised value required by law, the property owner is entitled to a reduction of the appraised value on the appraisal roll to the appraised value determined by the court. Tex. Tax Code Ann. § 42.25.

In both of the cases before the Court, the taxpayer is appealing the denial of an open-space land designation, and we must determine whether this type of action involves a protest of an excessive appraisal which would justify the award of attorney's fees. The court of appeals in both cases found that the taxpayers were protesting excessive appraisals and awarded attorney's fees. The court of appeals reasoned that by protesting the denial of the open-space land designation, the taxpayers also simultaneously protested the excessive appraised value of their property.[6] We disagree.

However, because these suits were filed before the date upon which the amended statute became effective, the previous version applies to these cases. "An appeal in which a lawsuit is filed before the effective date of this article is covered by the law in effect when the lawsuit was filed, and the former law is continued in effect for that purpose." Act of June 16, 1991, 72nd Leg., R.S., 1991, ch. 836, § 4.2, 1991 Tex. Gen.Laws 2890, 2893.

5. Section 42.26 is not applicable to the facts of this case.

6. In *Dallas Central Appraisal District v. Seven Investment Co.*, the court of appeals found that because the property was denied the open-space land designation, the appraised value DCAD gave the property was the property's market value, which was much higher than the property's appraised open-space land value. 813 S.W.2d at 205. Thus, according to the court of

■ Section 41.41 of the Tax Code lists the actions that a property owner is entitled to protest, and provides:

*Right of Protest.* A property owner is entitled to protest before the appraisal review board the following actions:

**(1) determination of the appraised value of his property or, in the case of land appraised as provided by Subchapter C, D or E, Chapter 23 of this code, determination of its appraised or market value;**

(2) unequal appraisal of his property in comparison to the median level of appraisals of other property in the appraisal district;

(3) inclusion of his property on the appraisal rolls;

(4) denial of him in whole or in part of a partial exemption;

**(5) determination that this land does not qualify for appraisal as provided by Subchapter C, D, or E, Chapter 23 of this code;**

(6) identification of the taxing units in which his property is taxable in the case of the appraisal district's appraisal roll;

(7) determination that he is the owner of property; or

(8) any other action that applies to the property owner and adversely affects him.

TEX. TAX CODE ANN. § 41.41 (emphasis added).

The language of section 41.41 indicates that a protest of an excessive appraisal under section 41.41(1) or of an unequal appraisal under section 41.41(2) is separate and distinct from an action protesting a determination that property does not qualify for appraisal under section 41.41(5). *Kerr Cent. Appraisal Dist. v. Stacy,* 775 S.W.2d 739, 743 (Tex.App.—San Antonio 1989, writ denied). The taxpayers in both of these cases were protesting the determination that their property did not qualify for an open-space land designation. The right to make this protest is found in section 41.41(5), not in section 41.41(1). The fact that the legislature identified a protest concerning qualification for appraisal separately from a protest over an excessive appraisal in section 41.41 is a clear indication that an action protesting the denial of an open-space land designation is not synonymous with an action protesting an excessive appraisal. In addition, a holding that a taxpayer protesting the denial of an open-space land designation is necessarily also protesting an excessive appraisal would render section 41.41(5) meaningless. A taxpayer whose application for an open-space land designation is denied could simply protest the excessive appraisal of his property under section 41.41(1).

■ Furthermore, the language of section 42.25 does not support the award of attorney's fees when a taxpayer protests the denial of an open-space land designa-

---

appeals, a protest of a denial of the open-space land designation was also a protest of an excessive appraisal under section 42.25. *Id.* In reaching this conclusion, the court of appeals adopted the reasoning of *May v. Appraisal Review Board of Tarrant Appraisal Dist.,* 794 S.W.2d 906 (Tex.App.—Fort Worth 1990, writ denied).

In *May,* several taxpayers complained of the trial court's refusal to award them attorney's fees after they successfully appealed the denial of open-space land designations. The court of appeals reversed and remanded the case to the trial court for the assessment of attorney's fees, holding that the taxpayers were protesting an excessive appraisal under section 42.25 and were entitled to their attorney's fees under section 42.29. *May,* 794 S.W.2d at 205. The court explained:

A common sense interpretation of the facts of these cases show that taxpayers' appeals were

brought to challenge the placing of an appraisal value on their property that was excessive under section 42.25 because the appraisals did not take into consideration the open-space use of the properties. When a taxpayer protests the refusal of a taxing authority to take into consideration the open-space use of his property, he is protesting the inaccurate determination of the appraisal or market value of his property under section 41.41(1) and the resulting appraisal is by definition an excessive appraisal which entitles the taxpayers to a reduction under section 42.25 of the Code.

*Id.*

In *Dallas Central Appraisal District v. Las Colinas Corp.,* the court of appeals simply cited *May* and its earlier decision in *Seven Investment Co.* to support its award of attorney's fees. 814 S.W.2d at 817.

tion. Section 42.25 states that "if the court determines that the appraised value ... on the appraisal rolls exceeds the appraised value required by law, the property owner is entitled to a reduction of the appraised value ... to the appraised value *determined by the court.*" But in an open-space land designation protest, the court does not make a value determination. The court only determines whether the property qualifies as open-space land, and the chief appraiser of the appraisal district, not the court, determines the open-space appraised value of the land.[7] *See* Tex.Tax Code Ann. § 23.52(b). Section 42.25 clearly contemplates a comparison of existing and court-determined values for the tax years at issue, which is not possible in these cases because no value determination was ever made by the trial court.

The taxpayers argue that a taxpayer who successfully appeals the denial of an open-space land designation has in effect prevailed in an "excessive appraisal" protest because the value on which his property is taxed will ultimately be reduced. This argument ignores the fundamental focus of a protest over the denial of an open-space land designation and the distinction between an action to qualify for open-space appraisal and an action challenging the appraisal itself as excessive.

In an appeal protesting the denial of an open-space land designation, the *use* of the property is examined, not the *value* of the property. The question the court must address is whether the property "is currently devoted principally to agricultural use to the degree of intensity generally accepted in the area...." Tex.Tax Code § 23.51(1). The appraised value of the property is not in issue during the protest and only after the property qualifies as open-space land is the appraisal district authorized to change the appraised value of the property using open-space appraisal techniques. "The chief appraiser may not change the appraised value of a parcel of open-space land unless the owner has applied for and the land *has qualified for appraisal* as provid-

ed by this subchapter...." Tex.Tax Code Ann. § 23.52(c) (emphasis added). In contrast, in an appeal protesting an excessive appraisal, the appraised value placed on the property is directly in issue during the protest, and the court may determine and fix the appraised value of the property. *See* Tex.Tax Code Ann. § 42.24(1).

Furthermore, although a successful protest of the denial of an open-space land designation does eventually yield a lower taxable value and tax relief, this same argument can be made for any protest under section 41.41. For example, a taxpayer who successfully protests the denial of a partial exemption under section 41.41(4) could demand attorney's fees under section 42.29 because the appraised value of the property for tax purposes will be lower when he is granted the exemption than it was without the exemption. Likewise, a taxpayer successfully protesting the situs of his property under section 41.41(6) would arguably be entitled to attorney's fees under section 42.29 because the successful protest results in relief from an "excessive appraisal." Such a broad interpretation of section 42.29 is contrary to the legislature's attempt to limit the award of attorney's fees to excessive appraisals and unequal appraisals under sections 42.25 and 42.26.

Because attorney's fees may only be recovered by a taxpayer who prevails in an appeal of an excessive or unequal appraisal, we hold that a taxpayer is not entitled to attorney's fees in an action successfully protesting the denial of an open-space land designation. To the extent that it conflicts with this opinion, we disapprove of *May v. Appraisal Review Board of Tarrant Appraisal Dist.*, 794 S.W.2d 906 (Tex.App.— Fort Worth 1990, writ denied).

Accordingly, we reverse the judgments of the court of appeals concerning the award of attorney's fees and render judgment that the taxpayers in these consol-

---

7. This value determination is made by the chief appraiser after the property is found to qualify for open-space appraisal. Tex. Tax Code Ann. § 23.52(c).

idated suits are not entitled to attorney's fees.

Dissenting opinion by COOK, J.

COOK, Justice, dissenting.

I respectfully dissent. Because the appraised values of the subject properties have been reduced as a result of the taxpayers winning their lawsuits, the taxpayers have undeniably prevailed under section 42.25 and, therefore, are entitled to attorney's fees.

At trial, the taxpayers argued that, because of the open-space use of their property, they were entitled to have their land appraised at the lower per acre open-space land value as opposed to the higher market value. The amount in controversy was the difference between the market values and the open-space values of the properties. Clearly, the only reason for the institution of the suits challenging the taxing authorities' appraisal was to seek a reduction in the appraised values to those values "required by law," as provided in section 42.25.

The Court concludes that the award of attorney's fees under section 42.29 of the Tax Code should be limited to those cases specifically covered by sections 42.25 and 42.26—those cases that challenge the dollar amounts of the appraised values as being excessive or unequal. I disagree with this rigid interpretation of the Tax Code.

The taxpayers' appeals were brought to challenge the placing of an appraisal value on their property that was excessive under section 42.25 because the appraisals did not take into consideration the open-space use of the properties. As the Fort Worth court of appeals reasoned in *May v. Appraisal Review Board of Tarrant Appraisal Dist.*, 794 S.W.2d 906 (Tex.App.—Fort Worth 1990, writ denied), when a taxpayer protests the refusal of a taxing authority to take into consideration the open-space use of his property, he is protesting the inaccurate determination of the appraisal or market value of his property under section 41.41(1). If the taxpayer demonstrates that he is entitled to the open-space designation, the original appraisal is, by definition, an excessive appraisal. Therefore, the taxpayer is entitled to a reduction under section 42.25. As a result, a taxpayer who successfully challenges the denial of an open-space land designation has "prevailed" under section 42.25 and is entitled to recover attorney's fees under section 42.29.

In section 42.29, the Legislature provided a means for taxpayers to recover their attorney's fees when they successfully challenge appraisal review board orders. By excluding the type of challenge made here from section 42.29, the Court seriously limits taxpayers' right to protest the improper appraisal of their property.