TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00531-CV






Conrad Geiger and Lisa Geiger, Appellants



v.



David Turner and Maureen Turner, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 95-08297, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING






 Appellants, Conrad and Lisa Geiger ("the Geigers"), appeal the take nothing
judgment rendered against them following a jury trial. The Geigers sued appellees, David and
Maureen Turner ("the Turners"), alleging statutory and common law fraud and breach of contract
based on the Geigers' purchase of the Turners' home. The jury returned a verdict in favor of the
Turners on all issues and included an award of attorney's fees. The trial court's judgment
affirmed the jury verdict in all respects. In sixteen points of error, the Geigers now appeal the
judgment. We will affirm.


BACKGROUND

 In 1994, the Geigers purchased the Turners' home. Shortly after the Geigers
moved into the house, they discovered that during heavy rainfall significant amounts of water
would flow across the backyard, through the carport, and down the driveway. The water would,
however, drain off the property, which slopes noticeably downwards from back to front, within
a couple of hours after the rain ended. 

 The Geigers retained an engineer to study the drainage pattern of their property. 
The engineer found that, due to the contours of the land surrounding the property and the property
itself, the Geigers' lot receives rain water runoff from an area of 6.43 acres. The engineer
suggested that the Geigers could change the drainage pattern of their property only by constructing
a large concrete gutter to carry storm water from one end of the property to the other. This
structure would need to be located approximately ten feet in from the property line and would cost
at least $30,000.

 The Geigers placed their home on the market and brought suit against the Turners
for common law fraud, statutory fraud, and breach of contract. The Geigers alleged that the
Turners failed to disclose flooding and improper drainage of the property on the Seller's
Disclosure Notice, (1) which was incorporated into the earnest money contract, and knowingly
misrepresented the condition of the property. In response, the Turners counterclaimed for
reasonable attorney's fees.

 The case was tried to a jury, which refused to find the Turners had committed
common law fraud, statutory fraud, or breach of the earnest money contract. Consequently, the
jury was not required to answer the jury charge questions regarding the Turners' awareness of the
falsity of any representations or the sum of money necessary to compensate the Geigers for their
damages. In response to the question concerning the award of attorney's fees, the jury found that
30% of any recovery by the Geigers was a reasonable fee and that the Turners' attorney was
entitled to $10,700, $12,700 and $13,700 for proceedings through trial, the court of appeals, and
the supreme court respectively. The trial court rendered a take nothing judgment on the verdict
against the Geigers and charged them with payment of the Turners' attorney's fees and court
costs. In sixteen points of error, the Geigers now appeal the judgment, challenging the legal and
factual sufficiency of the evidence supporting the jury's verdict and complaining of the trial
court's award of attorney's fees to the Turners.


DISCUSSION


I. Sufficiency of the Evidence

 An appellate court reviews the factual sufficiency of the evidence supporting a
jury's failure to find a fact under the same standard used to review a jury's affirmative finding. 
Cropper v. Caterpillar Tractor Co., 754 S.W.2d 646, 651 (Tex. 1988). The verdict will be set
aside only if, after all the evidence is weighed, it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Id.; Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986). A party attempting to overcome an adverse fact finding as a matter of law must overcome
two hurdles. First, the reviewing court must examine the record for evidence that supports the
finding, while ignoring all evidence to the contrary. See Sterner v. Marathon Oil Co., 767
S.W.2d 686, 690 (Tex. 1989); Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982). If the jury
finding is supported by some evidence, the inquiry ends there. Wuertz v. Wilson, 922 S.W.2d
268, 272 (Tex. App.--Austin 1996, no writ). If there is no evidence to support the fact finder's
answer, the entire record must then be examined to see if the contrary proposition is established
as a matter of law. See Sterner, 767 S.W.2d at 690; Holley, 629 S.W.2d at 696.


 A. Fraud

 In points of error one through nine, the Geigers argue the evidence was factually
and legally insufficient to support the jury's verdict in failing to find that the Turners committed
statutory or common law fraud against the Geigers. Specifically, the Geigers contend the evidence
conclusively established a misrepresentation or concealment of a material fact, inducement,
reliance, and knowledge of the falsity of the representation. At a minimum, the Geigers argue
the jury's verdict was contrary to the overwhelming weight of evidence. We disagree and will
overrule the points of error.

 The elements of common law fraud are: (1) a material representation was made;
(2) the representation was false; (3) when making the representation, the speaker knew it was false
or made it recklessly without any knowledge of its truth and as a positive assertion; (4) the
speaker made the representation with the intent it would be acted upon by the other party; (5) the
other party acted in reliance upon the representation; and 6) the party thereby suffered injury. 
Eagle Properties, Ltd. v. Scharbauer, 807 S.W.2d 714, 723 (Tex. 1990); Milestone Properties,
Inc. v. Federated Metals Corp., 867 S.W.2d 113, 119 (Tex. App.--Austin 1993, no writ). A claim
for statutory fraud requires proof of a false representation of a material fact, relied upon by the
party, which induced the party to enter into a contract. See Tex. Bus. & Com. Code Ann. §
27.01(a)(1) (West 1987).

 At trial, the Geigers introduced evidence that during heavy rainfall and for a couple
of hours following such events, a great deal of water flows across their backyard, through the
carport, and down the side of the driveway. The Geigers' expert testified that, in his opinion as
an engineer, this was not proper drainage for a private residence. On cross-examination, the
expert admitted that, when he inspected the property after a rain, he did not see any water flowing
across or standing on the property, and he had only seen water flowing across the property in
videotapes. Tom Polk, a real-estate agent and expert witness for the Turners, testified that the
drainage was not improper because the water was kept away from the house and flowed on and
off the property quickly. Also, both of the Turners testified that they did not consider the water
flow on the property a problem or that the drainage pattern amounted to flooding or improper
drainage. David Turner stated he considered the drainage proper because, even during heavy
rainfall, the water would flow through the backyard, away from the house and pool, under the
carport, and onto the street. The previous owner of the house testified he did not consider the
drainage pattern of the property problematic.

 The Geigers introduced videotaped evidence of the water flow on the property. 
The video showed that the lattice walls of the carport are raised off the ground which allow the
water to flow through the carport without damaging the structure, and most of the water drains
down the curb of the driveway farthest from the house. Conrad Geiger testified that there was
not another carport in the area designed this way. David Turner explained there is a drain under
the carport which empties into a pipe under the driveway which helped water stay out of the
carport area. Based on the Geigers' video, David Turner observed that it appeared the drain had
stepping stones in it, which could contribute to any drainage problems. Conrad Geiger testified
that he did not maintain the drain as he did not consider it functional.

 While Conrad Geiger admitted that water had not entered the house, he testified
that he thought flooding on the Seller's Disclosure Notice referred to flooding of the property,
both house and land, not simply the house. The Turners essentially defined flooding on the notice
form as accumulated water which did not run off the property. Polk testified that those in the real
estate industry did not consider flooding to exist where there is no damage to the property, and,
as the testimony revealed, water neither damaged the house or carport nor stood on the property
for more than a few hours after even a heavy rainfall. Additionally, ample testimony regarding
the Turners' use of the backyard for activities and pets was introduced. 

 Both David and Maureen Turner testified they did nothing to hide the condition of
the property from the Geigers. Two of the Turners' neighbors testified they never witnessed the
Turners doing anything before the sale to hide the fact water drains through the backyard when
it rains. During her testimony, Lisa Geiger implied she thought the Turners had placed gravel
around the roots of a plant at the base of the driveway and planted fresh grass to conceal the
condition of the property from the Geigers. However, after being impeached with her own
deposition statements, she testified to admitting at the deposition that she had no information
supporting the belief the Turners intentionally kept information from the Geigers in order to
induce them to buy the house. Furthermore, several people testified, including Conrad Geiger,
that the downward slope of the terrain of the property and the surrounding area was apparent to
the naked eye.

 Based on this evidence, the jury reasonably could have concluded that the drainage
pattern of the property was proper and that the ordinary flow of water down the hill did not
constitute flooding. As a result, the Turners had nothing to disclose on the Seller's Disclosure
Notice regarding improper drainage and flooding. Further, the jury could have been unpersuaded
from the evidence that the Turners made a material representation, or material concealment, with
knowledge of its falsity, that induced the Geigers to buy the property.

 Moreover, even if the necessary elements had been proven, the jury's verdict is still
not so contrary to the overwhelming weight of evidence because the jury reasonably could have
failed to find that the Geigers relied on the Seller's Disclosure Notice. Reliance is a necessary
element of both a common law fraud action and a statutory fraud claim under section 27.01. See
Schlumberger Technology Corp. v. Swanson, 959 S.W.2d 171, 181-82 (Tex. 1997). Lisa Geiger
testified that she and her husband arrived in Austin on a Friday, intent on buying a house that
weekend. They looked at about thirty homes over a two day period and made an offer on the
Turners' home on Saturday evening after seeing it Saturday morning. She further testified that
she and her husband did not make an offer on any other home and that she felt their own real
estate agent was less than competent. Conrad Geiger's testimony at trial was substantially similar. 
Although both the Geigers testified they would not have bought the house if the disclosure notice
had revealed improper drainage, neither could remember when they received the notice or when
they first reviewed it. In fact, the earnest money contract indicates that, at the time it was signed,
the Geigers still had not received the Seller's Disclosure Notice.

 We conclude that the jury's refusal to find that the Turners committed common law
fraud or statutory fraud is not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Accordingly, we overrule points of error, one, three, four, six, seven,
and nine. Since we have found the evidence is factually sufficient to support the jury's verdict,
the Geigers could not have conclusively proved, as a matter of law, that the Turners committed
statutory fraud or common law fraud. Points of error two, five, and eight are overruled.


 B. Breach of Contract

 In points of error ten, eleven, and twelve, the Geigers challenge the legal and
factual sufficiency of the evidence supporting the jury's failure to find that the Turners breached
the earnest money contract. We have already related the evidence which shows the jury
reasonably could have concluded that the Geigers failed to demonstrate the property was subject
to improper drainage or flooding. Since the crux of the Geigers' breach of contract claim was that
the Turners sold them property that was subject to flooding and improper drainage, contrary to
the Seller's Disclosure Notice which was incorporated into the earnest money contract, we
overrule points of error ten, eleven, and twelve.


 C. Damages

 In points of error thirteen, fourteen, and fifteen, the Geigers argue that the jury's
failure to find the Geigers suffered monetary damages was against the overwhelming weight and
preponderance of the evidence and that the evidence conclusively establishes they suffered
pecuniary harm. Based on our disposition of the previous points of error, we overrule points of
error thirteen, fourteen, and fifteen.


II. Attorney's Fees

 In their final point of error, the Geigers argue the trial court erred in awarding the
Turners attorney's fees because there was no legal basis to sustain the award. Traditionally,
attorney's fees are considered recoverable only pursuant to contract or statutory provision. Dallas
Central Appraisal Dist. v. Seven Investments Co., 835 S.W.2d 75, 77 (Tex. 1992). The earnest
money contract signed by the Geigers and the Turners provides in relevant part:


ATTORNEY'S FEES: If Buyer, Seller, Listing Broker, Other Broker or Escrow
Agent is a prevailing party in any legal proceeding brought under or with relation
to this contract, such party shall be entitled to recover from the non-prevailing
party all costs of such proceeding and reasonable attorney's fees.



 The Geigers sued the Turners for breach of the earnest money contract and for
fraud relating to statements which were incorporated into that contract. The resulting proceedings
were brought under and in relation to the contract, and the Turners prevailed in all aspects of the
litigation. Lisa Geiger even testified that she understood it was a possibility that she and her
husband might have to pay the Turners' attorney's fees and she was prepared to do so. The trial
court did not err by requiring the Geigers to pay the Turners' attorney's fees. Point of error
sixteen is overruled.


CONCLUSION

 Having determined the evidence is both legally and factually sufficient to support
the jury's verdict and that the trial court did not err in awarding attorney's fees to the Turners, we
overrule the Geigers' points of error. The judgment of the trial court is affirmed.



 

 Marilyn Aboussie, Justice

Before Justices Aboussie, Jones and B. A. Smith

Affirmed

Filed: April 16, 1998

Do Not Publish

1. A Seller's Disclosure Notice provides a buyer with information regarding the condition of
the property in question and is required whenever residential real property comprising not more
than one dwelling unit is sold. See Tex. Prop. Code Ann. § 5.008 (West Supp. 1998). The
Seller's Disclosure Notice in this case provided that the seller was to complete the form "to the
best of the seller's belief and knowledge" and that the notice was "not a warranty of any kind by
seller" and was not a substitute for any inspections or warranties the purchaser wished to obtain. 


 The Turners answered no to questions on the Seller's Disclosure Notice inquiring about
improper drainage or flooding. When the Geigers placed the home on the market, they indicated
on their Seller's Disclosure Notice that they were aware of the existence of flooding, improper
drainage, and conditions which materially affected the physical health or safety of an individual
on the property.


nt-family: CG Times (W1) Regular"> B. Breach of Contract

 In points of error ten, eleven, and twelve, the Geigers challenge the legal and
factual sufficiency of the evidence supporting the jury's failure to find that the Turners breached
the earnest money contract. We have already related the evidence which shows the jury
reasonably could have concluded that the Geigers failed to demonstrate the property was subject
to improper drainage or flooding. Since the crux of the Geigers' breach of contract claim was that
the Turners sold them property that was subject to flooding and improper drainage, contrary to
the Seller's Disclosure Notice which was incorporated into the earnest money contract, we
overrule points of error ten, eleven, and twelve.


 C. Damages

 In points of error thirteen, fourteen, and fifteen, the Geigers argue that the jury's
failure to find the Geigers suffered monetary damages was against the overwhelming weight and
preponderance of the evidence and that the evidence conclusively establishes they suffered
pecuniary harm. Based on our disposition of the previous points of error, we overrule points of
error thirteen, fourteen, and fifteen.


II. Attorney's Fees

 In their final point of error, the Geigers argue the trial court erred in awarding the
Turners attorney's fees because there was no legal basis to sustain the award. Traditionally,
attorney's fees are considered recoverable only pursuant to contract or statutory provision. Dallas
Central Appraisal Dist. v. Seven Investments Co., 835 S.W.2d 75, 77 (Tex. 1992). The earnest
money contract signed by the Geigers and the Turners provides in relevant part:


ATTORNEY'S FEES: If Buyer, Seller, Listing Broker, Other Broker or Escrow
Agent is a prevailing party in any legal proceeding brought under or with relation
to this contract, such party shall be entitled to recover from the non-prevailing
party all costs of such proceeding and reasonable attorney's fees.



 The Geigers sued the Turners for breach of the earnest money contract and for
fraud relating to statements which were incorporated into that contract. The resulting proceedings
were brought under and in relation to the contract, and the Turners prevailed in all aspects of the
litigation. Lisa Geiger even testified that she understood it was a possibility that she and her
husband might have to pay the Turners' attorney's fees and she was prepared to do so. The trial
court did not err by requiring the Geigers to pay the Turners' attorney's fees. Point of error
sixteen is overruled.


CONCLUSION

 Having determined the evidence is both legally and factually sufficient to support
the jury's verdict and that the trial court did not err in awarding attorney's fees to the Turners, we
overrule the Geigers' points of error. The judgment of the trial court is affirmed.



 

 Marilyn Aboussie, Justice

Before Justices Aboussie, Jones and B. A. Smith

Affirmed

Filed: April 16, 1998

Do Not Publish

1. A Seller's Disclosure Notice provides a buyer with information regarding the condition of
the property in question and is required whenever residential real property comprising not more
than one dwelling unit is sold. See Tex. Prop. Code Ann. § 5.008 (West Supp. 1998). The
Seller's Disclosure Notice in this case provided that the seller was to complete the form "to the
best of the seller's belief and knowledge" and that the notice was "not a warranty of any kind by
seller" and was not a substitute for any inspections or warranties the purchaser wished to obtain. 


 The Turners answered no to questions on the Seller's Disclosure Notice inquiring about
improper drainage or flooding. When the Geigers placed the home on the market, they indicated
on their Seller's Disclo