**Opinion filed April 11, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00102-CV

_____

## EFRAIN LOPEZ, Appellant

## V.

## LOS CIELOS HOMEOWNERS ASSOCIATION, INC., Appellee

**On Appeal from the 345th District Court**

**Travis County, Texas**

**Trial Court Cause No. D-1-GN-10-001042**

### M E M O R A N D U M   O P I N I O N

This is a restricted appeal from a judgment entered against Efrain Lopez. *See* TEX. R. APP. P. 30. Los Cielos Homeowners Association, Inc. brought suit against Lopez to collect delinquent maintenance assessments upon land owned by Lopez, interest thereon, collection costs, attorney's fees, and costs of court. Lopez filed a pro se answer generally denying the claims of Los Cielos. Los Cielos subsequently filed a motion for summary judgment, to which Lopez filed no response. The trial court granted the motion and rendered final summary judgment against Lopez for the principal sum of $1,072.90; interest; a property lien, including foreclosure and sale; attorney's fees and expenses incurred as of the summary judgment order of

$2,241.50; attorney's fees of $1,614 to be incurred in carrying out the judgment through foreclosure; and costs of court. Because we do not find error on the face of the record, we affirm.

Lopez presents two issues in this restricted appeal. In the first issue, Lopez asserts that the trial court erred in awarding attorney's fees because Los Cielos did not establish as a matter of law that it was entitled to attorney's fees. In his second issue, Lopez asserts that the trial court erred in including, within the principal sum due, $547 in attorney's fees because Los Cielos did not establish the reasonableness of such fees.

An appellant in a restricted appeal can prevail only if (1) he filed notice of the restricted appeal within six months after the judgment was signed, (2) he was a party to the underlying lawsuit, (3) he did not participate in the hearing that resulted in the judgment complained of or timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). Lopez has met the first three requirements. He filed his notice of appeal exactly six months after the trial court signed the summary judgment. Lopez was a party to the underlying lawsuit, but he did not participate in any way in the summary judgment proceedings. Nor did he file any postjudgment motions. Consequently, only the fourth requirement is of concern in this case, and we must determine whether the errors alleged by Lopez are apparent on the face of the record. In a restricted appeal, an appellant is afforded the same scope of review as in an ordinary appeal: a review of the entire case, including legal and factual sufficiency challenges. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).[1] The only restriction on the scope of a restricted appeal is that the error must appear on the face of the record. *Id.* Error that is merely inferred will not suffice. *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009).

Los Cielos filed a traditional motion for summary judgment pursuant to TEX. R. CIV. P. 166a(c). As the moving party under Rule 166a(c), Los Cielos had the burden of showing that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. The summary judgment evidence showed that Lopez's land was covered by a Declaration of Covenants, Conditions and Restrictions for Los Cielos. The Declaration provided

---

[1]We note that the court in *Norman* identifies the appeal in that case as an appeal by way of "writ of error." 955 S.W.2d at 270. Appeals previously known as "writ of error appeals" are now known as restricted appeals. TEX. R. APP. P. 30.

for regular and special assessments. It also provided that a defaulting landowner would be responsible for "[a]ll expenses" incurred by Los Cielos in connection with any actions or proceedings to recover from the landowner. An affidavit included in the summary judgment evidence showed that Lopez was delinquent in the payment of the assessments and associated charges and that he owed $1,072.90. A billing statement attached to the affidavit indicated that Lopez had not made any payment for his quarterly assessments since October 2008 and that he owed $1,072.90 as of July 11, 2010. This amount included $547 for "prepaid filing fees and expenses." Also included in the summary judgment evidence was the affidavit of the attorney for Los Cielos, in which she swore that $2,241.50 for attorney's fees through summary judgment was a reasonable fee, based upon an hourly rate of $200 and expenses of $141.50, and that further fees of $1,614 would be incurred to effect enforcement and foreclosure.

Contrary to the argument made by Lopez in his second issue, the record does not reveal that the charge of $547 that was included in the principal sum due was for attorney's fees. The billing statement indicated that the $547 charge was for prepaid filing fees and expenses. Nothing on the face of the record indicates that the charge of $547 was for attorney's fees; therefore, Los Cielos was not required to show the reasonableness of this amount in connection with its attorney's fees. Lopez's second issue is overruled.

In his first issue, Lopez asserts that Los Cielos did not establish that it was entitled to attorney's fees as a matter of law because Los Cielos failed to present any summary judgment evidence demonstrating that it had satisfied the statutory requirements for the recovery of such fees, including the presentment of the claim to Lopez and written notice to Lopez that attorney's fees and costs would be charged if the delinquency continued after a date certain. As a general rule, attorney's fees are not recoverable in Texas unless provided for by contract or by statute. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). Whether attorney's fees are authorized in a particular case is a question of law to be determined by the court. *Haas v. Ashford Hollow Cmty. Improvement Ass'n, Inc.*, 209 S.W.3d 875, 884 (Tex. App.—Houston [14th Dist.] 2006, no pet.). The parties rely upon sections from the Texas Property Code and the Texas Civil Practice and Remedies Code to support their contentions regarding attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 38.001, 38.002 (West 2007); TEX. PROP. CODE ANN. § 5.006 (West 2004), § 209.008(a) (West 2007). Los Cielos sought attorney's fees pursuant to Section 38.001 of the Civil Practice and Remedies Code and

Section 5.006 of the Property Code, and Lopez asserts that Los Cielos did not comply with Section 38.002 of the Civil Practice and Remedies Code or Section 209.008(a) of the Property Code.

Section 38.001 of the Civil Practice and Remedies Code provides that reasonable attorney's fees may be recovered in certain types of suits, such as suits on a sworn account or a written contract. Section 38.002 requires that, to recover under Section 38.001, the claim must have been presented to the opposing party and that payment must not have been tendered by the opposing party within thirty days of presentment of the claim. The summary judgment evidence in this case indicates that the claim was presented to Lopez by both Los Cielos and its attorney and that the claim remained unpaid. The agent for Los Cielos stated in her affidavit that Lopez "was notified of this violation and failed to pay it." Therefore, Lopez's argument based upon Section 38.002 is not supported by the record.

The assertions made by the parties in this case with respect to the Property Code were addressed by the court in *Haas*. 209 S.W.3d at 884–86. Lopez asks this court to "reject the analysis and holding of *Haas*." We decline to do so. Instead, following *Haas*, we hold that Los Cielos was entitled to recover attorney's fees pursuant to Section 5.006 and that Section 209.008(a) is not controlling in this case. Section 5.006(a) of the Property Code provides, "In an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim." Section 209.008(a) of the Property Code provides:

> A property owners' association may collect reimbursement of reasonable attorney's fees and other reasonable costs incurred by the association relating to collecting amounts, including damages, due the association for enforcing restrictions or the bylaws or rules of the association only if the owner is provided a written notice that attorney's fees and costs will be charged to the owner if the delinquency or violation continues after a date certain.

Compliance with the written notice requirement of Section 209.008(a) is not a prerequisite to the recovery of attorney's fees in this case because that section "does not apply to attorney's fees incurred merely to collect delinquent assessment or enforce a lien due to nonpayment of the assessments." *Haas*, 209 S.W.3d at 885. The *Haas* court interpreted Section 209.008(a) as applying to attorney's fees incurred to enforce restrictions such as "situations where an association has incurred costs or sustained damages to remedy a violation or has levied a fine for a violation," but not to attorney's fees incurred in a suit to collect a regular

4

or special assessment or to foreclose a lien. *Id.* at 885–86 (relying on other sections of the Property Code in the same chapter as Section 209.008(a) to determine legislative intent). The controlling section of the Property Code for attorney's fees in suits to collect assessments or foreclose a lien is Section 5.006. *See id.* at 884–86. Section 5.006 contains no "written notice" requirement and states that the prevailing party "shall" be allowed to recover reasonable attorney's fees. We hold that the summary judgment evidence established Los Cielos's entitlement to attorney's fees as a matter of law and that no error relating to the award of attorney's fees appears on the face of the record. Accordingly, we overrule Lopez's first issue.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


April 11, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.