02-10-167-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00167-CV

 

 


 
 
 Ralph P. Larrison, Jr.
 
 
  
 
 
 APPELLANT/APPELLEE
 
 
 
 
  
 V.
  
 
 
 
 
 Catalina Design
 
 
  
 
 
 APPELLEE/APPELLANT
 
 


 

 

------------

 

FROM THE
48th District Court OF Tarrant
COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          In twenty-nine issues, Ralph P. Larrison Jr. appeals the trial court’s finding that he
misapplied construction trust funds held in trust for Catalina Design.  We modify the trial court’s judgment and
affirm it as modified.

I. 
Background Facts

          Larrison
Construction Texas, Inc. (LCTI), a general contractor, contracted with Catalina
on three commercial construction projects—a project for the Texas Motor
Speedway, the First Baptist Church of Dennis, and an office building for the
law firm of Canas & Flores—for Catalina to
provide masonry services.  Until May 5,
2006, Larrison was the owner of LCTI.  Larrison also owns another
company called Larrison Construction, Inc.
(LCI).  On May 5, Larrison
sold LCTI to Stephen McCune.  When Larrison sold the company, Catalina had not received final
payment on any of the projects.

          Sometime after the sale, there was a
work-order change on the church project. 
LCTI asked Catalina to perform additional work, but they did not agree
on a price.  McCune told them to go
forward with the change anyway, but Catalina did not.  McCune claims that LCTI stopped paying
Catalina because Catalina did not complete the church project, their work was
unacceptable, LCTI incurred various fines for OSHA violations, and LCTI had to
pay someone else to complete the work on the church.

          Catalina filed suit against LCTI, LCI,
Larrison, and McCune, alleging that it was owed
$21,862 for work it performed on the projects ($7,034 for the office building;
$9,528 for the church; and $5,300 for the Speedway).  Catalina filed a sworn account affidavit and
verification with its petition.  Larrison did not file a sworn denial.  Immediately before the trial was to begin,
the trial court granted an interlocutory agreed judgment against LCTI in favor
of Catalina for $26,862 ($21,862 in damages and $5,000 in attorney’s
fees).  Pursuant to the terms of the
agreed judgment, Catalina nonsuited McCune.

          At the end of the trial, LCI and Larrison moved for judgment on all the claims
against them.  The trial court granted
LCI’s motion and denied Larrison’s motion.  The trial court then granted judgment in
favor of Catalina and against Larrison for $25,088
($17,088 in damages and $8,000 in attorney’s fees) plus conditional appellate
attorney’s fees and postjudgment interest at 5% per
annum.  The final judgment did not award
prejudgment interest, but the findings of fact and conclusions of law included
a finding that Catalina was entitled to prejudgment interest at 18% per annum
under the Prompt Payment Act (PPA).

          Larrison
appealed the trial court’s judgment.  Catalina
appealed the trial court’s failure to award prejudgment interest.  Because we hold that the trial court did not
err by finding Larrison liable; that the award of
attorney’s fees was error; and that Catalina was not entitled to prejudgment
interest, we affirm the trial court’s judgment as modified.

II.  Standard of Review

Findings
of fact entered in a case tried to the court have the same force and dignity as
a jury’s answers to jury questions.  Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex.
1991).  The trial court’s findings
of fact are reviewable for legal and factual sufficiency of the evidence to
support them by the same standards that are applied in reviewing evidence
supporting a jury’s answer.  Ortiz v. Jones,
917 S.W.2d 770, 772 (Tex. 1996); Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).

We
may sustain a legal sufficiency challenge only when (1) the record discloses a
complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a
mere scintilla; or (4) the evidence establishes conclusively the opposite of a
vital fact.  Uniroyal Goodrich Tire
Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526
U.S. 1040 (1999); Robert W. Calvert, "No Evidence" and
"Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361,
362–63 (1960).  In determining whether
there is legally sufficient evidence to support the finding under review, we
must consider evidence favorable to the finding if a reasonable factfinder
could and disregard evidence contrary to the finding unless a reasonable
factfinder could not.  Cent.
Ready Mix Concrete Co. v. Islas,
228 S.W.3d 649, 651 (Tex. 2007); City of Keller v. Wilson, 168 S.W.3d 802, 807, 827 (Tex. 2005).

When
reviewing an assertion that the evidence is factually insufficient to support a
finding, we set aside the finding only if, after considering and weighing all
of the evidence in the record pertinent to that finding, we determine that the credible
evidence supporting the finding is so weak, or so contrary to the overwhelming
weight of all the evidence, that the answer should be set aside and a new trial
ordered.  Pool v.
Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986)
(op. on reh’g); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).

III.  Discussion

          A.    Issue 1–9, 12, 13, 18–24, 26: Misapplication
of Trust Funds 

          In his first issue, Larrison argues that the court erred by finding him liable
for misapplication of trust funds.  Larrison’s issues 2–9, 12, 13, 18–24, and 26 attack the
evidence supporting the elements of Catalina’s claim of misapplication of trust
funds.

          A person has misapplied trust funds
under chapter 162 of the property code if 

(a)        
he is a trustee;

(b)        
who intentionally or knowingly, or with
intent to defraud;

(c)        
directly or indirectly retains, uses,
disburses, or otherwise diverts trust funds;

(d)        
without
first fully paying all current or past due obligations incurred by the trustee
to the beneficiaries of the trust funds.

Tex.
Prop. Code Ann. § 162.031(a) (Vernon Supp. 2010).  The statute provides that “[c]onstruction payments are trust funds under this chapter if
the payments are made to a contractor . . . under a construction contract for
the improvement of specific real property in this state.”  Tex. Prop. Code Ann. § 162.001(a) (Vernon
Supp. 2010).[2]  Any “contractor, subcontractor, or owner . .
. who receives trust funds or who has control or direction of trust funds, is a
trustee of the trust funds.”  Id. § 162.002 (Vernon
2007).  The money LCTI received
for the work on the projects therefore constitutes trust funds subject to the
statute.  Further, Larrison
is a trustee because he was the owner of LCTI and had control over the trust
funds.[3]

          Around the
time of the sale of LCTI to McCune, roughly $30,000 was transferred from LCTI’s
bank account to LCI’s bank account.  Larrison testified that this was part of the sale price
that McCune was to pay to Larrison for the
company.  This evidence directly
contradicts Larrison’s argument that LCTI could have
“simply paid out all of the money and [did] not [have] any money left to pay
[Catalina].”  LCTI clearly had at least
$30,000 left in the account.  Further, McCune
testified that he had decided to stop paying Catalina because he believed they
did not complete their work on the church, not because LCTI did not have the
money.

          Both Larrison and McCune testified that the contracts with Catalina
mandated payment to Catalina within ten days of receipt of the funds.  The PPA mandates payment within seven
days.  Id. § 28.002(b) (Vernon 2000).  The Construction Trust Funds Act defines
“current or past due obligations” as “those obligations . . . which are due and
payable by the trustee no later than 30 days following receipt of the trust
funds.”  Id. § 162.005(2) (Vernon 2007).  LCTI received funds for the Speedway project
on March 16, 2006, and funds for the church project on April 12, 2006.  Both of those payments matched payment
applications submitted by LCTI to the property owners that included work by
Catalina.  Catalina’s payments for the
Speedway and the church were current or past due obligations before Larrison sold the company. 
Larrison’s business records show that he knew
that Catalina was owed $17,088 prior to the sale.  This total matches the damages awarded by the
court.

     Larrison did not direct payment to
Catalina but instead retained those funds in LCTI’s account.  The open invoice record showing $17,088 due
to Catalina was dated April 20, 2006. 
Two weeks later, Larrison allowed for a
payment from LCTI’s account to be made to an account for his other company, LCI,
as part of his payment for the sale of LCTI. 
Larrison knew that the funds were coming from
LCTI’s account and that Catalina had not been paid.  Larrison was also aware
that McCune had continued to refuse to pay Catalina.

          Larrison
argues that there was no evidence that Catalina provided proper lien claim
waivers. The lien claim waivers released Catalina’s liens on the property and
were required by LCTI to be submitted with applications for payment.  Larrison argues
that without evidence that Catalina released its liens, Catalina cannot
establish that a final payment was due.

          The supreme court
has recently commented on the delicate balance of leverage between trustees and
beneficiaries under the construction trust statutes.  See
Solar Applications Eng’g, Inc. v. T.A. Operating
Corp., 327 S.W.3d 104, 110–112 (Tex. 2010).  In Solar,
the supreme court looked at contractual language
between an owner and a contractor that required “complete and legally effective
releases or waivers . . . of all Lien rights” to accompany applications for
payment.  Id. at 107 n.5.  It noted that the payment process at issue
was a common payment process in construction contracts.  Id. at 110.  Despite
the language that implies that the lien release must be executed prior to
payment, the supreme court held that it was not a
condition precedent to payment but a covenant to provide the lien release in
exchange for payment.  Id. at 112.

          David Oeff,
owner of Catalina, testified at trial that his practice was to sign the lien
waivers when he received a check for the previous month’s work.  He further testified that the lien release contained
language that said he had received payment and that he would not want to sign a
lien waiver with that language until he had actually received payment.  Larrison did not
dispute Oeff’s testimony.

     We hold that there is sufficient evidence to support the trial
court’s finding that Catalina properly made demand for payment; that LCTI
received the funds; and that Larrison retained, used,
disbursed, or diverted trust funds without first paying his current or past due
obligations to Catalina.  We overrule Larrison’s issues 1–9, 12, 13, 18–24, and 26.

          B.    Issues 28 and 29: Affirmative Defenses

          Larrison
argues that Catalina failed to prove that Larrison had
not “simply paid out all of the money and [did] not [have] any money left to
pay [Catalina].”  Paying other “actual
expenses directly related to the construction” is an affirmative defense and it
was therefore Larrison’s burden to establish the
defense.  See Lively v. Carpet Servs., Inc., 904
S.W.2d 868, 875–76 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (noting
that the burden of proof is on the defendant to demonstrate that he used trust
funds to pay actual expenses); see also
Scoggins Constr. Co. v. Dealers Elec.
Supply Co., No. 13-06-00368-CV, 2009 WL 3390324, at *8 (Tex. App.—Corpus
Christi Oct. 22, 2009, pet. denied) (mem. op.) (holding that defendants waived affirmative defenses by
failing to request findings of fact addressing the elements of their
affirmative defenses); Tex. Att’y Gen. Op. No. JM-945
(1988) (noting that the amendment adding the affirmative defense language “plac[ed]
on criminal defendants the burden of proving that expenditures were for ‘actual
expenses’ rather than requiring the state to prove that expenditures were not
for actual expenses”).  Larrison provided no evidence of any actual expenses
directly related to the construction that were paid with the trust funds.  Larrison therefore
failed to meet his burden for his first affirmative defense.

          The Construction Trust Funds Act also
provides the trustee an affirmative defense if the trustee retains the funds
“as a result of the trustee’s reasonable belief that the beneficiary is not
entitled to such funds.”  Tex. Prop. Code
Ann. § 162.031(b) (Vernon 2007). 
That defense requires a notice to the beneficiary of the trustee’s
intent to retain the funds.  Id. 
Catalina requested an admission from all of the defendants that none of
the defendants sent Catalina such notice. 
The court deemed the admission admitted. 
According to the trial transcript,[4] Larrison’s response was “Cannot admit or deny.  [LCI] and Ralph Larrison
do not know what the other defendants did or did not do.”

          A response to a request for admission
based on lack of information or knowledge is insufficient “unless the
responding party states that a reasonable inquiry was made but that the
information known or easily obtainable is insufficient to enable the responding
party to admit or deny.”  Tex. R. Civ. P.
198.2.  Larrison’s
response does not state that a reasonable inquiry was made, as required by the
rules of civil procedure.  The trial court
was correct in ruling that the answer was insufficient.

          When a party fails to give a
sufficient response to a request for admission, the request is deemed
admitted.  See Tex. R. Civ. P. 198.2(c) (“If a response is not timely served,
the request is considered admitted without the necessity of a court
order.”).  Larrison
argues that the trial court erred by holding LCI’s deemed admission binding
against him.  See Tex. R. Civ. P. 198.3 (stating that a matter admitted is
conclusively established as to the party making the admission).  However, Larrison
himself made the same insufficient response. 
Therefore it was proper for the trial court to hold the admission
binding on Larrison. 
And because it was deemed admitted that no defendant gave Catalina the
required notice, Larrison failed to meet his burden
regarding his second affirmative defense. 
We overrule Larrison’s issues 28 and 29.

          C.    Issues 10, 11, 15–17: LCI

          Larrison challenges
a number of findings of fact relating to LCI.  The claims against LCI were dismissed and LCI
is not a party to this appeal.  We
overrule Larrison’s issues 10, 11, 15, 16, and 17.

          D.    Issue 25: The PPA

          In its appeal, Catalina argued that
the trial court failed to award prejudgment interest under the PPA.  See
Tex. Prop. Code Ann. § 28.004 (Vernon 2000).  Larrison’s issue 25
complains of the trial court’s finding that LCTI violated the PPA and therefore
owed Catalina interest under the act. 
Catalina alleged a violation of the act against LCTI, not against Larrison.  The trial
court found that LCTI violated the act and did not make a similar finding
against Larrison. 
Because Catalina did not allege a cause of action against Larrison under the PPA, it is not entitled to prejudgment
interest under the act.  We overrule
Catalina’s sole issue.  And because the trial
court did not allow Catalina to recover prejudgment interest under the PPA
against Larrison, there is no error, and we overrule Larrison’s issue 25.

          E.    Issues 14 and 27: Attorney’s Fees

          In his issues 14 and 27, Larrison argues that Catalina cannot recover attorney’s
fees from him.  Attorney’s fees cannot be
awarded unless such recovery is provided for by statute or by contract between
the parties.  See Dallas Cent. Appraisal Dist. v. Seven Inv. Co., 835 S.W.2d
75, 77 (Tex. 1992).  The
parties agree that the Construction Trust Funds Act does not allow for the
recovery of attorney’s fees.  See Tex. Prop. Code Ann. §§ 162.001–.032
(Vernon Supp. 2010).  Section 38.001 of
the civil practice and remedies code allows for the recovery of attorney’s fees
for claims for 

(1)        
rendered services;

(2)        
performed labor; 

(3)        
furnished material;

(4)        
freight or express overcharges;

(5)        
lost or damaged freight or express;

(6)        
killed or injured stock;

(7)        
a sworn account; or

(8)        
an
oral or written contract.

Tex.
Civ. Prac. & Rem. Code Ann. §
38.001 (Vernon 2008).  In this
case, the trial court made a specific finding that LCTI “breached and
repudiated its contracts” with Catalina. 
It did not make a similar finding in regard to Larrison.  The only cause of action that Catalina had
against Larrison was for misapplication of trust
funds.  Misapplication of trust funds is
not one of the causes of action listed in section 38.001, and therefore the
section does not apply to Catalina’s claims against Larrison.  Because there is no statute allowing for the
recovery of attorney’s fees againt Larrison, we sustain Larrison’s
issue 27.  Because we hold that the award
of attorney’s fees was error, we do not need to reach Larrison’s
issue 14.  See Tex. R. App. P. 47.1.

IV.  Conclusion

          We overrule Larrison’s
issues 1 through 26, 28, and 29 and Catalina’s sole issue.  We sustain Larrison’s
issue 27 and hold that the award of attorney’s fees was error.  We therefore modify the trial court’s
judgment to remove the award of attorney’s fees and affirm the judgment as
modified.  See Tex. R. App. P. 43.2(b).

 

LEE GABRIEL
JUSTICE

 

PANEL:  GARDNER, WALKER, and
GABRIEL, JJ.

 

DELIVERED:  February 17, 2011











[1]See Tex. R. App. P. 47.4.





[2]Larrison argues that the parties did not agree that the
money earned under their agreements would be considered trust funds.  However, the monies are trust funds by
statute, regardless of whether the parties agreed.  See
Tex. Prop. Code Ann. § 162.001(a).

 





[3]Larrison complains that the trial court erred by finding
him a trustee after he sold LCTI on May 5, 2006, and that he received trust
funds after that date.  The trial court
did not make a finding of fact that Larrison was a
trustee after May 5, 2006.  Finding of
fact number twelve states only that Larrison was a
trustee.  Further, the award granted to
Catalina was for amounts owed to Catalina as shown on an open invoice record
dated April 20, 2006, prior to the sale. 
The trial court did not award Catalina the retainage, which would not
have been due until after Larrison sold the
company.  The trial court therefore did
not commit the errors of which Larrison complains.





[4]Catalina’s
first request for admissions, in which this request was made, was not admitted
into evidence.