TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00029-CV







Hays County Appraisal District, Appellant




v.




Mayo Kirby Springs, Inc., Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. 91-0620, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING 







 Mayo Kirby Springs, Inc. ("Mayo") sued the Hays County Appraisal District ("District")
to challenge an order from the Hays County Appraisal Review Board that established the 1991 market
value of Mayo properties in Hays County for ad valorem taxation purposes. The trial court rendered
judgment in favor of Mayo, ruling that the Texas Tax Code requires real estate inventory to be valued as
one unit instead of the sum of the values of all the individual lots. See Tex. Tax Code Ann. § 23.12(a)
(West Supp. 1997). In three points of error, the District challenges the trial court's valuation. Mayo files
a cross-point of error complaining that the trial court erred in failing to award it attorney's fees. We will
affirm the trial court's judgment.

 The properties at issue are described generally as 150 undeveloped, subdivided residential
lots and twelve undeveloped, subdivided commercial lots in a subdivision known as Sunset Canyon. Mayo
acquired the properties from NCNB Texas National Bank in September 1991. The bank had owned the
properties for nearly two years following a foreclosure. The total sales price of the property to Mayo was
$379,200. The District valued the property as of January 1, 1991 by estimating the retail sales price of
each individual lot and adding those together for a total of $1,806,500. After hearing testimony and other
evidence from each side, the trial court found the value to be $400,000. The court arrived at this amount
by valuing the lots together as one unit, rather than individually. The court also made a finding of the amount
of reasonable attorney's fees, but did not award them.

 In point of error three, the District contends the trial court erred by failing to find section
23.12(a) of the Texas Tax Code unconstitutional. That statute provides:


 The market value of an inventory is the price for which it would sell as a unit to a
purchaser who would continue the business. An inventory shall include residential real
property which has never been occupied as a residence and is held for sale in the ordinary
course of a trade or business, provided that the residential real property remains
unoccupied, is not leased or rented, and produces no income.


Tex. Tax Code Ann. § 23.12(a) (West Supp. 1997). Our recent decision in Travis Central Appraisal
District v. FM Properties Operating Co., 947 S.W.2d 724 (Tex. App.--Austin 1997, pet. denied), is
dispositive of this issue. In that case we held that section 23.12(a) does not violate the Texas Constitution. 
Id. at 735. We overrule point of error three.

 In point of error one, the District contends the trial court erred in finding that section 23.01
allows Mayo's properties to be valued in bulk. In relevant part that statute provides as follows:


 The market value of property shall be determined by the application of generally
accepted appraisal techniques, and the same or similar appraisal techniques shall be used
in appraising the same or similar kinds of property. However, each property shall be
appraised based upon the individual characteristics that affect the property's market value.



Tex. Tax Code Ann. § 23.01(b) (West 1992). The District asserts that this provision requires each lot to
be valued separately as if it were being sold to an end user. As we held in FM Properties, section
23.12(a) requires the type of real estate holding at issue here to be valued as a unit. The Appraisal District
terms reliance on section 23.12(a) flawed, but offers no new basis for invalidating the provision. 
Accordingly, we need not decide whether section 23.01 could stand alone as an independent ground for
allowing bulk valuation. We overrule point of error one.

 In point of error two, the District contends that there is no evidence, or alternatively
insufficient evidence, to support the trial court's finding that the value of the Mayo property is $400,000. 
In deciding a no-evidence point, we must consider only the evidence and inferences tending to support the
finding of the trier of fact and disregard all evidence and inferences to the contrary. Alm v. Aluminum Co.
of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert. denied, 498 U.S. 847 (1990). Mayo presented
evidence at trial by two expert appraisers. One appraiser valued the property at $370,000 in November
1990, while the other appraised the property at $466,000 in January 1991. This testimony is more than
enough to withstand a "no evidence" challenge to the trial court's finding of $400,000.

 In considering an insufficient-evidence point, we must consider all the evidence, both
supporting and contrary to the fact-finder's determination, and, having done so, set aside the verdict only
if it is clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). We have
reviewed the record considering the evidence presented by both sides, including testimony by the two
experts mentioned above as well as the testimony of the District's Chief Appraiser, and conclude that the
trial court's judgment is not clearly wrong or manifestly unjust. Point of error two is overruled.

 In its cross-point, Mayo complains that the trial court erred in failing to award attorney's
fees. Mayo claims that it is entitled to receive attorney's fees as a result of prevailing in the case. The
relevant statutory provision states the following:


 A property owner who prevails in an appeal to the court under Section 42.25 or
Section 42.26 of this code may be awarded reasonable attorney's fees not to exceed the
greater of $15,000 or 20% of the total amount by which the property owner's tax liability
is reduced as a result of the appeal. The award of attorney's fees, however, may not
exceed the total amount by which the property owner's tax liability is reduced as a result
of the appeal.



Tex. Tax Code Ann. § 42.29 (West 1992) (emphasis added). Because of the language "may be
awarded," the granting of attorney's fees under this statute is discretionary. In discussing a similarly worded
statute, the Texas Supreme Court recently stated that "the Texas Uniform Declaratory Judgments Act
allows the trial court to award reasonable and necessary attorney's fees and costs as are equitable and just. 
See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997)." Commissioners Court of Titus County
v. Agan, 940 S.W.2d 77, 81 (Tex. 1997) (citing Oake v. Collin County, 692 S.W.2d 454, 455 (Tex.
1985)). In Agan, the trial court rendered judgment for the defendants but refused to grant defendant's
attorney's fees. Agan, 940 S.W.2d at 82. The supreme court then stated that the decision to deny
attorney's fees and costs is within the trial court's sound discretion. Id. The appellate court does not
reverse the trial court's denial of attorney's fees unless the complaining party shows a clear abuse of
discretion. Id. at 81. We conclude that the same standard also applies in reviewing a decision granting--or
declining to grant--attorney's fees under Tex. Tax Code Ann. § 42.29 (West 1992).

 In the present case, while the trial court made a finding of the value of reasonable attorney's
fees, it did not determine the value of tax savings to Mayo, which serves as a cap on the amount of
attorney's fees that may be granted. There was no direct evidence of Mayo's tax savings. Mayo argues,
however, that it introduced sufficient evidence from which its tax savings might be arithmetically derived. 
The District asserts that the evidence is insufficient, that many of Mayo's figures are unsupported by tax
receipts, government records, or personal testimony of any witness, and that the burden of showing the tax
savings rests on the property owner. See Dallas Cent. Appraisal Dist. v. Las Colinas Corp., 814
S.W.2d 816, 817-8 (Tex. App.--Dallas 1991), rev'd on other grounds, 835 S.W.2d 75 (Tex. 1992)
(holding that burden to show tax savings rests on property owner). We agree that the property owner
bears the burden of proving the amount of tax savings. Our review of the record does not show that the
trial court abused its discretion in declining to award attorney's fees under the circumstances of the present
case. Mayo's cross-point of error is overruled.

 Because we have overruled all points and cross-points of error, we affirm the trial court's
judgment.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: November 13, 1997

Do Not Publish



ct and disregard all evidence and inferences to the contrary. Alm v. Aluminum Co.
of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert. denied, 498 U.S. 847 (1990). Mayo presented
evidence at trial by two expert appraisers. One appraiser valued the property at $370,000 in November
1990, while the other appraised the property at $466,000 in January 1991. This testimony is more than
enough to withstand a "no evidence" challenge to the trial court's finding of $400,000.

 In considering an insufficient-evidence point, we must consider all the evidence, both
supporting and contrary to the fact-finder's determination, and, having done so, set aside the verdict only
if it is clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). We have
reviewed the record considering the evidence presented by both sides, including testimony by the two
experts mentioned above as well as the testimony of the District's Chief Appraiser, and conclude that the
trial court's judgment is not clearly wrong or manifestly unjust. Point of error two is overruled.

 In its cross-point, Mayo complains that the trial court erred in failing to award attorney's
fees. Mayo claims that it is entitled to receive attorney's fees as a result of prevailing in the case. The
relevant statutory provision states the following:


 A property owner who prevails in an appeal to the court under Section 42.25 or
Section 42.26 of this code may be awarded reasonable attorney's fees not to exceed the
greater of $15,000 or 20% of the total amount by which the property owner's tax liability
is reduced as a result of the appeal. The award of attorney's fees, however, may not
exceed the total amount by which the property owner's tax liability is reduced as a result
of the appeal.



Tex. Tax Code Ann. § 42.29 (West 1992) (emphasis added). Because of the language "may be
awarded," the granting of attorney's fees under this statute is discretionary. In discussing a similarly worded
statute, the Texas Supreme Court recently stated that "the Texas Uniform Declaratory Judgments Act
allows the trial court to award reasonable and necessary attorney's fees and costs as are equitable and just. 
See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997)." Commissioners Court of Titus County
v. Agan, 940 S.W.2d 77, 81 (Tex. 1997) (citing Oake v. Collin County, 692 S.W.2d 454, 455 (Tex.
1985)). In Agan, the trial court rendered judgment for the defendants but refused to grant defendant's
attorney's fees. Agan, 940 S.W.2d at 82. The supreme court then stated that the decision to deny
attorney's fees and costs is within the trial court's sound discretion. Id. The appellate court does not
reverse the trial court's denial of attorney's fees unless the complaining party shows a clear abuse of
discretion. Id. at 81. We conclude that the same standard also applies in reviewing a decision granting--or
declining to grant--attorney's fees under Tex. Tax Code Ann. § 42.29 (West 1992).

 In the present case, while the trial court made a finding of the value of reasonable attorney's
fees, it did not determine the value of tax savings to Mayo, which serves as a cap on the amount of
attorney's fees that may be granted. There was no direct evidence of Mayo's tax savings. Mayo argues,
however, that it introduced sufficient evidence from which its tax savings might be arithmetically derived. 
The District asserts that the evidence is insufficient, that many of Mayo's figures are unsupported by tax
receipts, government records, or personal testimony of any witness, and that the burden of showing the tax
savings rests on the property owner. See Dallas Cent. Appraisal Dist. v. Las Colinas Corp., 814
S.W.2d 816, 817-8 (Tex. App.--Dallas 1991), rev'd on other grounds, 835 S.W.2d 75 (Tex. 1992)
(holding that burden to show tax savings rests on property owner). We agree