No. 15-25-00141-CV

ACCEPTED
15-25-00141-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/3/2025 1:24 PM
CHRISTOPHER A. PRINE
CLERK

# In the Court of Appeals
## for the Fifteenth Judicial District
## Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/3/2025 1:24:14 PM
CHRISTOPHER A. PRINE
Clerk

KEN PAXTON, IN HIS OFFICIAL CAPACITY AS TEXAS ATTORNEY GENERAL,

*Appellant*,

*v.*

POWERED BY PEOPLE,

*Appellee.*

On Appeal from the 41st Judicial District Court, El Paso County

## REPLY IN SUPPORT OF APPELLANT

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOHNATHAN STONE
Chief, Consumer Protection Division

ABIGAIL E. SMITH
Assistant Attorney General
State Bar No. 24141756

ROB FARQUHARSON
Deputy Chief, Consumer Protection Division

Office of the Attorney General
Consumer Protection Division
12221 Merit Drive, Ste. 650
Dallas, Texas 75251
Tel: (214) 290-8830
Fax: (214) 969-7615

*Counsel for Appellant*

# TABLE OF CONTENTS

Page(s)

Index of Authorities ........................................................................................ ii

Argument ........................................................................................................ 3

    I.   The Trial Court Implicitly Denied the Attorney General's Plea to the Jurisdiction. ................................................................................ 3

        A.  The TRO decided the merits of the case. ............................... 3

        B.  The trial court's ordered merits discovery constitutes an independent implicit denial of the Attorney General's jurisdictional challenge. ....................................................... 6

        C.  *City of Austin* and *Thomas* support a finding of implicit denial in this case. ............................................................... 9

    II.  Appellee's Only Properly Pled Claims are Moot. ....................... 10

        A.  Appellee cannot defeat mootness by pressing legally defective claims. ................................................................. 12

        B.  No exception to mootness applies. ...................................... 15

Prayer ........................................................................................................... 18

Certificate of Compliance ............................................................................. 18

# Index of Authorities

**Page(s)**

**Cases**

*Carswell v. Camp*,
54 F.4th 307 (5th Cir. 2022) ................................................................. 6

*City of El Paso v. Heinrich*,
284 S.W.3d 366 (Tex. 2009) ........................................................... 13, 14

*Dickson v. Am. Gen. Life Ins. Co.*,
698 S.W.3d 234 (Tex. 2024) (Young, J., concurring in the denial of
the petition for review) ...................................................................... 6

*Estate of Matthews III*,
510 S.W.3d 106 (Tex. App.—San Antonio 2016, pet. denied) .......................... 10

*Fin. Comm'n of Tex. v. Norwood*,
418 S.W.3d 566 (Tex. 2013) ................................................................ 3

*Heckman v. Williamson Cnty.*,
369 S.W.3d 137 (Tex. 2012) ............................................................... 10

*In re Nonparty Patient No. 1*,
No. 15-25-00031-CV, 2025 WL 2934064 (Tex. App. [15th Dist.]
Oct. 16, 2025).............................................................................. 2

*In re Powered by People*,
No. 15-25-00140-cv, Order Granting Partial Relief on Emergency
Motion (Sept. 12, 2025) ...................................................................... 4

*Office of the Attorney General of the State of Texas v. PFLAG, Inc.*,
No. 24-0892 ................................................................................. 12

*Paxton v. Annunciation House, Inc.*,
719 S.W.3d 555 (Tex. 2025), *reh'g denied* (Sept. 26, 2025) ...................... 12, 15, 16

*Paxton v. City of Austin*,
No. 15-24-00078-CV, 2024 WL 4446073 (Tex. App. [15th Dist.]
Oct. 8, 2024) ........................................................................... 3, 9, 10

*Rodriguez v. Cantu*,
 581 S.W.3d 859 (Tex. App.—Corpus Christi–Edinburg 2019, no
 pet.)..................................................................................................13

*State v. Nonparty Patient No. 1*,
 No. 15-25-00023-CV, 2025 WL 2355380 (Tex. App. [15th Dist.]
 Aug. 14, 2025) ............................................................ 2, 11, 12, 13

*Tex. Dep't of Parks & Wildlife v. Miranda*,
 133 S.W.3d 217 (Tex. 2004) ...................................................... 2, 6, 9

*Thomas v. Long*,
 207 S.W.3d 334 (Tex. 2006) .................................................. 4, 5, 9, 10

*Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*,
 555 S.W.3d 29 (Tex. 2018) ............................................................ 14

*Williams v. Lara*,
 52 S.W.3d 171 (Tex. 2001) ............................................................17

**Statutes**

42 U.S.C. § 1988 ...........................................................................15

Tex. Civ. Prac. & Rem. Code § 37.008 .................................................15

Tex. Civ. Prac. & Rem. Code § 51.014(a)(8)........................................... 5

**Other Authorities**

Tex. R. Civ. P. 45(b) .....................................................................13

Tex. R. Civ. P. 63 .........................................................................13

Tex. R. Civ. P. 176.6(e) ..........................................................*passim*

Tex. R. Civ. P. 192.6 .............................................................11, 12, 14

Tex. R. Civ. P. 202......................................................... 11, 12, 13, 14

# Introduction

This case presents two discrete legal questions: (1) Whether a temporary restraining order (TRO) that rules on the merits, and subsequent discovery orders authorizing merits discovery, constitute an implicit denial of a plea to the jurisdiction; and (2) Whether a court retains jurisdiction to hear a Rule 176.6(e) subpoena challenge after the subpoena has been revoked and cannot be reissued. Neither issue requires the exhaustive factual inquiry that Appellee urges this Court and the trial court to undertake. Nor do they justify the deposition of Attorney General Ken Paxton or other merits discovery. These are threshold legal issues, not fact-intensive disputes.

On the first issue, Appellee asks this Court to privilege form over substance. Appellee argues that because the trial court stated in its TRO that it would not rule on the merits, its subsequent merits-based rulings should be disregarded. But implicit denial is determined by what a court does, not what it says. The trial court's substantive rulings, including merits discovery orders, reflect an implicit denial of the Attorney General's jurisdictional challenge. Appellee's assertion that the discovery was jurisdictional is unsupported. The trial court never characterized the discovery as jurisdictional, and Appellee's briefing below never characterized it as jurisdictional, either—it was only after the trial court asked Appellee a question about it that Appellee belatedly submitted a few jurisdictional discovery cases to the court. But both the nature of the discovery sought and Appellee and the trial court's discussion of it clearly indicate the discovery was "intended to inform the subsequent temporary injunction hearing," meaning it was directed at the merits. Appellee's Br. at 9. That

kind of merits-based discovery has no bearing on the Attorney General's legal challenge to jurisdiction based on mootness and does not resemble the mixed questions of law and fact addressed in *Miranda*. *Cf. Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

Regarding the second issue of mootness, the relevant facts are undisputed and already in the record. One day after Appellee filed suit challenging the RTE, the Attorney General withdrew it. Two days later, the Office of the Attorney General declared under penalty of perjury that it would not reissue the RTE or issue any similar RTE to Appellee concerning the same subject matter. On these facts, Appellee's third-party subpoena challenge is moot.

Appellee's additional claims—quo warranto, declaratory and injunctive relief, and attorneys' fees—do not salvage jurisdiction. These claims cannot be properly joined to a Rule 176.6(e) subpoena challenge. As this Court recently held in *State v. Nonparty Patient No. 1*, No. 15-25-00023-CV, 2025 WL 2355380 (Tex. App. [15th Dist.] Aug. 14, 2025), and reaffirmed in *In re Nonparty Patient No. 1*, No. 15-25-00031-CV, 2025 WL 2934064 (Tex. App. [15th Dist.] Oct. 16, 2025), a Rule 176.6(e) petition does not "assert[] a substantive 'claim' against the State," but instead "seeks to avoid discovery." *Nonparty Patient No. 1*, 2025 WL 2355380, at *4. Appellee is free to pursue independent claims in a separate action, but it was improper to append them to an ancillary discovery dispute. A motion for protection is not a pleading and cannot be used to assert freestanding claims or seek broader relief. Because the only properly filed issue before the trial court—a 176.6(e) challenge to the RTE—is moot, this case should be dismissed for lack of jurisdiction.

# ARGUMENT

## I. The Trial Court Implicitly Denied the Attorney General's Plea to the Jurisdiction.

### A. The TRO decided the merits of the case.

The plain language of the TRO ruled on the merits of the case and was thus sufficient to constitute an implicit denial of the Attorney General's plea to the jurisdiction under Texas law. *Compare* CR.559 (TRO ruling on Plaintiff's "probable right to relief"), *with Paxton v. City of Austin*, No. 15-24-00078-CV, 2024 WL 4446073, at *2 (Tex. App. [15th Dist.] Oct. 8, 2024) (rejecting an implicit denial argument because there was no "order or any ruling on the merits" while a plea to the jurisdiction was pending). The TRO repeatedly stated that Appellee had a probable right to relief on its claims and granted injunctive relief on that basis. CR.559, 563 (holding that "Plaintiff has shown a probable right to relief on its constitutional claims" and that the Attorney General's "enforcement actions and public conduct associated with those enforcement actions . . . demonstrate that Plaintiff has stated a probable right to relief under the Equal Protection Clauses of the Texas and United States Constitutions"). Even Appellee conceded that the trial court had already implicitly ruled on jurisdiction. 4.RR.24–25 (arguing the trial court should order merits discovery because "the Court has already assumed some probable jurisdiction without ruling on the plea"). *But see Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 578 (Tex. 2013) (holding courts "may not [even] assume jurisdiction for the purpose of deciding the merits of the case") (*quoting Sino-chem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)).

Appellee argues that the TRO did not reach the merits primarily for two reasons: First, because the TRO merely "preserve[d] the status quo," Appellee's Br. at 13; and second, because the TRO stated it was "expressly . . . not a ruling on the merits." Neither is correct. Contrary to Appellee's contention that a TRO "does not constitute a ruling on the merits," Appellee's Br. at 14, this Court recently acknowledged in related litigation that temporary relief—including a TRO—"cannot be afforded without some consideration of the merits." *In re Powered by People*, No. 15-25-00140-cv, Order Granting Partial Relief on Emergency Motion (Sept. 12, 2025) (quoting *In re State*, 711 S.W.3d 641, 645 (Tex. 2024)); *accord* Appellee's Br. at 15 ("To be sure, it is possible that a trial court could make a merits ruling in a preliminary order"). It is no excuse that the TRO expressly disclaimed ruling on the merits, because the TRO *did* ultimately issue multiple rulings on the merits, then based its injunctive relief on those merits determinations. A court cannot evade appellate review by employing or avoiding magic words—rather, it is a court's actions that determine appellate review. "The Texas Rules of Appellate Procedure only require that the record show the trial court ruled on the request, objection, or motion, either expressly or implicitly." *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006) (quoting Tex. R. App. P. 22.1(a)(2)(A)). That is the very justification for the principle of "implicit" denial as explained by the Supreme Court in *Thomas*.

Appellee seems to argue that implicit denial requires a *final* determination on the merits, not just a merits ruling that could reversed later in the case. *See* Appellee's Br. at 15 (arguing the TRO found "only a 'probable right to relief,' not a full finding of liability"). But requiring a final merits determination would subvert the

4

entire purpose of permitting an interlocutory appeal under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. Furthermore, the Supreme Court held otherwise in *Thomas*. There, the Court considered whether the denial of summary judgment on a claim constituted the implicit denial of a jurisdictional challenge to that claim. 207 S.W.3d at 337. After the trial court denied Thomas's motion for summary judgment, it ordered multiple merits claims to proceed to trial, including retaliation and back pay. *Id.* at 337. This denial of summary judgment did not constitute a *final* merits ruling—only a trial judgment or a grant of summary judgment could do that. Nevertheless, the Supreme Court still held that "the trial court's rulings on the merits of some claims for which Thomas argued the trial court lacked subject matter jurisdiction" were sufficient to "constitute an implicit rejection" of those jurisdictional challenges. *Id.* at 339.

Likewise here, despite claiming not to (in implicit acknowledgement that doing so would trigger an interlocutory appeal from the Attorney General), the trial court's TRO assessed the merits of the case, determined Appellee "had shown a probable right to relief on its constitutional claims," and ruled that the Attorney General's "enforcement actions and public conduct" demonstrated Appellee's "probable right to relief under the Equal Protection Clauses of the Texas and United States Constitutions." CR.559, 563. Just like in *Thomas*, these were not *final* merits determinations, but they did rule on the merits. Doing so implicitly denied the Attorney General's jurisdictional claims and triggered interlocutory appellate review under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code.

*Finally*, Appellee additionally makes a parade of horribles argument, contending that it would upend the entire Texas system of preliminary injunctive relief to require that courts consider their subject matter jurisdiction before entering temporary restraining orders or temporary injunctions. Appellee's Br. at 15–16. But this does not upend the law, it *is* the law. Of course a trial court should not enter injunctive relief until it has resolved subject matter jurisdiction. In every case, regardless of the relief sought, "[j]urisdiction is always first." *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022). That is why a court "must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed." *Miranda*, 133 S.W.3d at 226. This "order of operations is not optional," and "courts *must resolve* any jurisdictional challenges—hard or easy, first raised in the trial court or first raised in the court of appeals, raised by a party or raised by the court itself—before turning to the merits." *Dickson v. Am. Gen. Life Ins. Co.*, 698 S.W.3d 234, 235 n.2 (Tex. 2024) (Young, J., concurring in the denial of the petition for review).

## B. The trial court's ordered merits discovery constitutes an independent implicit denial of the Attorney General's jurisdictional challenge.

Appellee does not dispute that an order on merits discovery would constitute an implicit denial of the Attorney General's plea to the jurisdiction. Rather, Appellee contends for the first time that the ordered discovery was *jurisdictional*, not merits-based, and that it was "relevant to this question of mootness." Appellee's Br. at 19. This argument fails for two reasons: the ordered discovery was purely merits

discovery, and no jurisdictional discovery was necessary to resolve the jurisdictional question of mootness.

*First*, the ordered discovery was not jurisdictional. Appellee concedes that the discovery was "intended to inform the subsequent temporary injunction hearing" but also claims that it sought information on "factual issues that inform the jurisdictional questions raised." Appellee's Br. at 9. The record states otherwise. Appellee's emergency motion for expedited discovery, SCR.4–15, does not use the word "jurisdiction" one time, and never mentions the Attorney General's plea to the jurisdiction. To the contrary, it repeatedly requests expedited discovery "so that the Court has a more established record at the temporary injunction hearing." SCR.4; *accord* SCR.8 (requesting discovery on "[t]he constitutional issues in question here," and arguing the "discovery sought . . . will shed light on matters pertinent to the temporary injunction hearing"). Appellee did not seek to resolve jurisdictional questions of mootness; it sought discovery into the facts underlying its claims for the temporary injunction hearing.

Furthermore, the trial court *never* stayed merits discovery, and Appellee's representation that the court did is incorrect. On page 21 of its brief, Appellee cites to "RR4.24," the transcript of the hearing on Appellee's emergency motion for expedited discovery, to argue that the trial court "explicitly noted it 'stay[ed] merits discovery—merit-based discovery.'"

But that quote comes from a question the trial court posed to Appellee's counsel about the Attorney General's arguments. In the quoted statement, the trial court

asked Appellee's counsel whether the Attorney General was correct that merits discovery should be stayed pending the determination of a plea to the jurisdiction:

> COURT: And then other things that I'd like a response is [the Attorney General's argument] that, the plea to the jurisdiction has not been ruled on. And [they argue that] unless, you know, there's a ruling, you know, we stay merit discovery—merit-based discovery. What is your response to that?

4.RR.24:11–16. The trial court did not issue a stay (or represent that one had already been entered), it merely asked Appellee's position on whether merits-based discovery *should be* stayed.

Appellee did not agree and instead argued that because the Court had "already assumed some probable jurisdiction without ruling on the plea," the requested discovery was appropriate. 4.RR.24:25–25:2. Apparently the trial court agreed, because it ordered expedited merits discovery the very next day without mention of the phrase "jurisdictional." CR.948.

*Second*, the inquiry is not whether ordered discovery could be "relevant" to the jurisdictional question—rather, it is whether the ordered discovery is *necessary* to resolve the jurisdictional question. Appellee tries to draw a comparison to the discovery in this case and that ordered in *Texas Southern University v. Young*, *see* Appellee's Br. at 21–22, but in the concurring opinion that Appellee relies on, Justice Young clearly states: "Targeted discovery cannot be allowed unless—and only to the extent that—it is essential to the resolution of a jurisdictional question." *Id.* at 889.

The Attorney General disagrees that any of the discovery sought is relevant to the mootness inquiry because it is undisputed that the Attorney General's office has withdrawn the RTE and declared under perjury to not reissue that RTE or a

8

substantially similar one. CR.65, CR.110, CR.85. As such, the only jurisdictional question before the Court is whether a government official's declaration under perjury is sufficient to demonstrate mootness under existing precedent. Additional facts about the motivation behind the issuance of the original RTE are irrelevant (not to mention privileged under various law enforcement and attorney work product privileges). But even if those facts did have some tangential relevance, they are not necessary to determine this jurisdictional question. The only "necessary" facts to determine mootness were the withdrawal of the RTE and the existence of the declaration. Because this evidence was already in the record and "is undisputed," the trial court was required to "rule[] on the plea to the jurisdiction as a matter of law," not based on (unrequested) jurisdictional discovery. *Miranda*, 133 S.W.3d at 228.

### C. *City of Austin* and *Thomas* support a finding of implicit denial in this case.

Appellee's arguments on the applicability of this Court's ruling in *Paxton v. City of Austin*, No. 15-24-00078-CV, 2024 WL 4446073, hinge on the same arguments addressed above: *First*, that the trial court's TRO stated it did *not* issue a ruling on the merits or the plea to the jurisdiction (even though the substance of the order did), and *second*, that there is no merits order in the record. Appellee's Br. at 23–24. For the reasons explained *supra* Sections I.A and B, as well as the arguments made in the Attorney General's opening brief, *see* Appellant's Br. at 26–28, those arguments are incorrect. There are *multiple* merits rulings in the record and thus multiple implicit denials of the plea to the jurisdiction, making this case far less like *City of Austin* (where the trial court failed to issue a single order of *any* kind, let alone an order on

the merits, *see* 2024 WL 4446073, at *2) and far more like *Thomas* (where a non-final merits determination was sufficient to implicitly deny a jurisdictional challenge to that claim, *see* 207 S.W.3d at 339 (holding "the trial court's rulings on the merits of some claims for which Thomas argued the trial court lacked subject matter jurisdiction" were sufficient to "constitute an implicit rejection" of those jurisdictional challenges")).

Appellee argues a finding of implicit denial would ignore the trial court's words, but the reverse is true. Appellee asks this Court to focus on a single sentence from the trial court's TRO—its claim not to rule on the plea or the merits—and ignore the many other sentences, orders, and actions throughout the trial litigation that repeatedly ruled on the merits and implicitly denied the Attorney General's plea to the jurisdiction. Implicit denial in this case is far clearer than in *City of Austin*, and if this Court disagrees, it would be prudent to await the Supreme Court of Texas's ruling on the State's pending petition for review before acting further.

## II. Appellee's Only Properly Pled Claims are Moot.

"A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). "A party has a legally cognizable interest when the court can grant relief on the party's claims." *Estate of Matthews III*, 510 S.W.3d 106, 115 (Tex. App.—San Antonio 2016, pet. denied). As such, a facially defective legal claim cannot defeat mootness.

10

The Attorney General's undisputed evidence demonstrated that Appellee's only legally cognizable claim—its motion for a protective order under Rules 176.6(e) and 192.6—is moot. The RTE has been withdrawn, the Attorney General's office has declared that it will not reissue it (or a similar RTE), and the factual circumstances that justified the RTE in the first instance have come and gone.

Appellee does not dispute that its subpoena challenge to the RTE is moot on its face. Instead, Appellee argues its other claims and other requested forms of relief create a live controversy. But these cannot defeat mootness because they are all invalid on their face. This legal challenge is not an ordinary lawsuit—it is a motion for a protective order under Texas Rules of Civil Procedure 176.6(e) and 192.6. As such, it is not a "suit" at all but an ancillary discovery proceeding, akin to a Rule 202 Petition or a Civil Investigative Demand challenge. *See State v. Nonparty Patient No. 1*, No. 15-25-00023-CV, 2025 WL 2355380, at *4 (Tex. App. [15th Dist.] Aug. 14, 2025) (holding a 176.6(e) "petition for protection is not, in itself, a 'suit'"). Because parties challenging discovery cannot seek declaratory or injunctive relief, because no statute authorizes attorneys' fees for an RTE subpoena challenge, and because a freestanding claim for relief cannot be added to a discovery proceeding, none of Appellee's other claims or requested relief constitute a "legally cognizable interest" that could defeat mootness. Since no exception to mootness applies, the trial court should have granted the Attorney General's plea to the jurisdiction.

### A. Appellee cannot defeat mootness by pressing legally defective claims.

Appellee argues its suit is not moot because, as part of its 176.6(e) request for a protective order against the RTE, it seeks declaratory and injunctive relief and attorneys' fees. Appellee further contends that its amendment to include a quo warranto claim keeps the case alive. But none of these can defeat mootness because they fall outside the scope of what Rule 176.6(e) permits.

As this Court recently recognized, motions for protection under Rules 176.6(e) and 192.6 are not independent lawsuits subject to the ordinary rules of discovery, summary judgment, and sovereign immunity. Rather, they are "procedural motions or ancillary proceedings" designed solely to "avoid discovery served by the State." *Nonparty Patient No. 1*, No. 15-25-00023-CV, 2025 WL 2355380, at *3–4 (Tex. App. [15th Dist.] Aug. 14, 2025). Like a Rule 202 Petition or a Civil Investigative Demand, an RTE is a discovery tool employed by the Attorney General to aid in investigations. When a recipient challenges an RTE, it does so via a discovery dispute governed by Rules 176.6(e) and 192.6. *See Paxton v. Annunciation House, Inc.*, 719 S.W.3d 555, 593 (Tex. 2025) (noting an RTE can be challenged "by Rule 176.6(e)'s protective orders"), *reh'g denied* (Sept. 26, 2025).

Texas law does not provide for a full trial process to resolve discovery disputes.[1] That is why Rule 176.6(e) subpoena challenges are not considered "suits" for

---

[1] The Office of the Attorney General recently briefed and argued this same point in the context of a Civil Investigative Demand in *Office of the Attorney General of the State of Texas v. PFLAG, Inc.*, No. 24-0892, which is currently pending before the Supreme Court of Texas.

purposes of sovereign immunity. *See, e.g.*, *Nonparty Patient No. 1*, 2025 WL 2355380, at \*4 (holding a petition for protection under 176.6(e) "seek[s] protection from discovery" and "is not, in itself, a 'suit' to which sovereign immunity applies"); *see also Rodriguez v. Cantu*, 581 S.W.3d 859, 869 (Tex. App.—Corpus Christi–Edinburg 2019, no pet.) (holding "[a] Rule 202 proceeding is not a separate independent lawsuit," constitutes "an ancillary proceeding," and "asserts no substantive claim or cause of action upon which relief can be granted") (citations omitted). A party may seek protection from discovery, but it is not entitled to broader relief such as a temporary injunction or declaratory judgment. Injunctive relief—like the temporary restraining order or temporary injunction sought in this case—is unnecessary because a party objecting to discovery under Rule 176.6(e) need not comply "unless ordered to do so by the court." Tex. R. Civ. P. 176.6(e). And declaratory relief is improper because it would "enlarge [the] trial court's jurisdiction" and "alter [the] suit's underlying nature" from a procedural discovery dispute into a full-blown lawsuit. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009).

For the same reason, Appellee cannot amend its discovery motion to add a freestanding quo warranto claim or any other independent cause of action. Texas Rule of Civil Procedure 63 permits amendments to "pleadings," but not every petition qualifies as a pleading. A pleading must assert a cause of action. Tex. R. Civ. P. 45(b). Appellee's original filing, though styled as a petition, sought "protection from discovery" under Rule 176.6(e) and was "not, in itself, a 'suit.'" *Nonparty Patient No. 1*, 2025 WL 2355380, at \*4; *accord Rodriguez*, 581 S.W.3d at 869 (holding it was

13

improper "to use a pending Rule 202 proceeding to institute substantive claims for relief").

In the same way that a party cannot combine a Rule 202 petition with a substantive claim, Appellee could not seek relief beyond a protective order when it petitioned for protection under Rule 176.6(e). What Appellee styled as "counts" were simply different bases to obtain a protective order (such as that the RTE violated the First Amendment), not freestanding causes of action. And because Appellee instituted a discovery proceeding under Rule 176.6(e)—not a substantive lawsuit—Appellee could not transform it into one by amendment. Doing so would again "alter [the] suit's underlying nature." *Heinrich*, 284 S.W.3d at 370.

This case illustrates why discovery proceedings are not vehicles for broader relief. In just a few weeks, the parties and the court expended significant resources—multiple hearings, a flurry of motions, and numerous orders—on what should have been a straightforward discovery dispute, resolved with, at most, a single hearing. Now that the underlying Rule 176.6(e) subpoena challenge is moot, the case cannot be kept alive by tacking on substantive claims outside the scope of the discovery dispute.

Nor can Appellee preserve the case by seeking attorneys fees. Texas law is clear: "Attorney's fees may not be recovered unless provided for by statute or by contract between the parties." *Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 52 (Tex. 2018), *opinion corrected on reh'g* (Sept. 28, 2018) (citing *Dall. Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992)). Neither Rule 176.6(e) nor Rule 192.6 authorize fee-shifting, and no other statute provides for

attorneys' fees in ordinary discovery disputes.[2] Nor is there any contract between Appellee and the Attorney General that would support such a claim. As such, Appellee's request for attorneys' fees does not present a live, legally cognizable controversy that can defeat mootness.

## B. No exception to mootness applies.

Neither the voluntary cessation exception nor the capable-of-repetition-yet-evading-review exception to mootness applies here.

The Attorney General's statement is unequivocal: The Office will never "reissue the challenged RTE nor send any other RTE to [Appellee] seeking records relating to the solicitation and expenditure of funds to aid and abet Texas legislators abandoning their offices and relating to any benefits or compensation offered or provided to the legislators for abandoning their offices during the 89th Special Legislative Session." CR.65. This is not a vague, evasive, or prevaricating assurance. The Office has categorically stated—under penalty of perjury—that none of the records sought in the original RTE will be requested again via an RTE. Full stop.

That declaration forecloses the voluntary cessation exception and distinguishes this case from *Annunciation House*. There, the Attorney General merely withdrew

---

[2] Appellee's Brief claims to seek attorneys' fees under 42 U.S.C. section 1988 and Texas Civil Practice & Remedies Code section 37.008. Appellee's Br. at 31. (Presumably, Appellee meant to refer to section 37.009, which authorizes attorneys' fees for declaratory judgment actions). But Appellee cannot seek attorneys' fees under either section, because neither Appellee's section 1983 claim (which can justify attorneys' fees under section 1988) nor Appellee's request for declaratory judgment can be part of a discovery challenge under Rule 176.6(e).

the RTE without disavowing future requests for the same records. The Supreme Court found that insufficient, noting that the "attorney general remain[ed] free to simply file more requests." *Annunciation House*, 719 S.W.3d at 590. Here, by contrast, the Attorney General has expressly renounced any future attempt to obtain the same records via an RTE. To do so would violate a declaration and subject the Office of the Attorney General to perjury liability. Appellee's suggestion that the Attorney General might reissue a differently worded RTE seeking the same records is pure speculation, unsupported by the record and contrary to the sworn statement.

That makes this case far more akin to *DeFunis v. Odegaard*, where the Supreme Court of the United States found mootness based on the defendant's binding representations that the challenged conduct would not recur. 416 U.S. 312, 316–20 (1974). The Court rejected hypothetical scenarios as speculative and insufficient to defeat mootness. *Id.* at 318. Similarly, in *Robinson v. Alief Independent School District*,[3] 298 S.W.3d 323 (Tex. App.—Houston [14th Dist.] 2009, pet. denied), the Fourteenth Court rejected a voluntary cessation argument where the plaintiff offered no evidence that the school would reverse its expungement of records. The plaintiff's request for injunctive relief "in the event [the school district] reinstates the documents sometime in the future" was deemed "merely conjunctural and hypothetical," and would have resulted in an advisory opinion. *Id.* at 326–27.

---

[3] While the Attorney General's opening brief argued the application of this case extensively, Appellee's Brief failed to address it.

The capable-of-repetition exception also fails. Appellee simply has no "reasonable expectation" that it "will be subjected to the same action again." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). The Attorney General has sworn not to reissue an RTE seeking the original records, and there is no credible evidence or reasonable basis to believe that the Attorney General would violate that declaration and risk perjury. Any contention otherwise is "speculative" and insufficient to invoke this narrow exception, which "applies only in rare circumstances." *Id.*

## Prayer

The Court should reverse the district court's implicit denial of the State's plea to the jurisdiction and direct the district court to dismiss the case for lack of subject-matter jurisdiction.

Respectfully Submitted,

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy First Assistant Attorney General

Austin Kinghorn
Deputy Attorney General for
Civil Litigation

Johnathan Stone
Chief, Consumer Protection Division

/s/ Abigail E. Smith
Abigail E. Smith
Assistant Attorney General

Rob Farquharson
Deputy Chief, Consumer Protection Division

Office of the Attorney General
Consumer Protection Division
12221 Merit Drive, Ste. 650
Dallas, Texas 75251
Tel: (214) 290-8830
Fax: (214) 969-7615

*Counsel for Appellant*

## Certificate of Compliance

Microsoft Word reports that this document contains 4,541 words, excluding exempted text.

/s/ Abigail E. Smith
Abigail E. Smith

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Pauline Sisson on behalf of Abigail Smith
Bar No. 24141756
pauline.sisson@oag.texas.gov
Envelope ID: 107591285
Filing Code Description: Response
Filing Description: 20251103 OAGs Reply Brief
Status as of 11/3/2025 1:28 PM CST

Associated Case Party: Powered by People

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mimi Marziani | 24091906 | mmarziani@msgpllc.com | 11/3/2025 1:24:14 PM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 11/3/2025 1:24:14 PM | SENT |
| Rebecca (Beth) Stevens | | bstevens@msgpllc.com | 11/3/2025 1:24:14 PM | SENT |
| Lynn Coyle | | lynn@coylefirm.com | 11/3/2025 1:24:14 PM | SENT |

Associated Case Party: Ken Paxton, in his official capacity as Texas Attorney General

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William Cole | 24124187 | William.Cole@oag.texas.gov | 11/3/2025 1:24:14 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 11/3/2025 1:24:14 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 11/3/2025 1:24:14 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 11/3/2025 1:24:14 PM | SENT |
| William Peterson | | William.Peterson@oag.texas.gov | 11/3/2025 1:24:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 11/3/2025 1:24:14 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 11/3/2025 1:24:14 PM | SENT |